JACOB BENJAMIN DOLE LAWELIILII *vs.* GEO. U. HIND and JAMES ROLPH, JR., Copartners doing business under the firm name and style of HIND, ROLPH & COMPANY.

### March 4, 1907.

*Admiralty practice—Service of mesné process:* Service of *mesne* process in admiralty cannot be made on an agent of a defendant partnership. (*Reversed,* post, 186, 191.)

*Evidence—Admissibility of certificate of a custom house officer, which is a statement of his conclusions*: A custom house certificate which is a statement of the conclusions or opinions of the collector, is not admissible in evidence.

*Admiralty—Certificate of enrollment of a vessel on the oath of one not an owner:* A certificate of enrollment of a vessel on the oath of the master who is not an owner, is void.

*Partnership—Two firms with the same name and composed of the same persons and engaged in the same kind of business*: Two firms composed of the same persons, and having the same partnership name and engaged in the same kind of business, are in law but one firm.

*In Admiralty*: Motion to set aside service of summons.

*J. J. Dunne* and *Jas. L. Coke,* Proctors for Libelant.
*Smith & Lewis,* Proctors for Libellees.

DOLE, J.  On the 7th of June, 1906, the libelant brought his action against Geo. U. Hind and James Rolph, Jr., doing business under the firm name and style of Hind, Rolph & Co., for damages on account of injuries received by him on Feb-

ruary 16, 1904, on board the schooner Kona, through the alleged carelessness and negligence of the libellees, who are alleged by him to have been the owners of such schooner during the times mentioned in the libel. The libel further alleged that during all the times mentioned in the libel, the libellees were and are copartners, "doing business as shipping and commission merchants and as ship, insurance and custom house brokers," in Honolulu of the Territory of Hawaii and San San Francisco of the State of California, under the firm name and style of Hind, Rolph & Co.; and that the residence of the partners is in San Francisco. Process was duly served on J. S. Low as attorney in fact of Hind, Rolph & Co., June 9, 1906. On the 25th of June, the libellees filed a motion through their attorneys specially appearing for the purpose of such motion, to set aside the service of process made on said J. S. Low, on the ground that "neither said J. S. Low nor said Hind, Rolph & Co. of Honolulu are the proper parties to serve in said action, and upon the further ground that this court is without jurisdiction to hear and determine said action." An affidavit of J. S. Low was attached to the said motion, and at the hearing thereof he testified as a witness for the libelant.

The following points were made in support of the motion:

1.—There is no provision in admiralty for service of process on an agent of the defendant in case of partnership; citing admiralty rule 2, and section 914 R. S. U. S.

2.—The Kona Schooner Co., a corporation of the State of California, is the owner of the schooner Kona.

3.—The firms of Hind, Rolph & Co. of San Francisco and Hind, Rolph & Co. of Honolulu, being separate and distinct firms, the testimony of J. S. Low in the Parker Ranch case which may have appeared to recognize that he or the firm of Hind, Rolph & Co. of Honolulu of which he is the manager, were the agents or a branch house of the firm of Hind, Rolph & Co. of San Francisco, is open to his interpretation in this case of the distinction between the two firms, and furthermore,—

this being the case, the San Francisco firm cannot be bound by his statements.

4.—The local procedure does not govern as to the practice in courts of admiralty and equity.

5.—Service of process in admiralty cases is not governed by local statutes in view of section 913 R. S. U. S.

The first, fourth and fifth points may be considered together. Section 914 R. S. U. S. provides that the practice, pleadings and forms and modes of proceedings in civil cases other than equity and admiralty causes, in the circuit and district courts, shall conform as near as may be to the practice, etc., existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held. As this section specifically excludes equity and admiralty causes from its provisions, they are not affected by it. Section 913 R. S. U. S. requires that the forms of *mesne* process and the forms and modes of proceeding in suits of equity and admiralty and maritime jurisdiction in circuit or district courts shall be according to the principles, rules and usages of courts of equity and admiralty except when otherwise provided by statute or rules of court made in pursuance thereof. The admiralty rules prescribed by the Supreme Court in pursuance of an act of Congress, provide in rule 2, that *mesne* process in suits *in personam* may be by a simple warrant of arrest of the person of the defendant with a clause therein that if he cannot be found, to attach his property and chattels to the amount sued for, or failing such property, to attach his credits and effects to the amount sued for in the hands of garnishees, or by a summons to appear and answer. This is the law of service of *mesne* process in admiralty and it is not affected by local statutes or rules. *Steam Cutter Co. v. Jones,* 13 Fed. Rep. 567, 582; *Blease v. Garlington,* 92 U. S. 1, 8. Service on an agent of the defendant, as was done in this case, is only permissible where expressly authorized by statute and from necessity as in the case of corporations. *In re Louisville Underwriters,* 134 U. S. 488; 19 Encl. Pl. & Pr. 650, and

cases cited. " The legislature is to judge of this, and it having prescribed the kind of service, none other will prevail." *Peck v. Warren,* 25 Mass. 163, 164.

I therefore find that legal service of summons has not been made and the court has not acquired jurisdiction of the case.

This finding disposes of the motion, but as a consideration of the other points raised may be of assistance to further proceedings in the case, I will deal with them.

As to the contention that the schooner Kona is not the property of the libellees, the two certificates of the San Francisco custom house offered to prove this are inadmissible as evidence, they being statements of the conclusions of the deputy collector of customs, and not certificates of enrollment or certified copies thereof. *Griffiths v. Tunkhouser,* 11 Fed. Cas. 42; *Cox v. Cox,* 26 Pa. St. 375: 67 Am. Dec. 432; *Oakes v. Hill,* 31 Mass. 442; *Hanson v. South Scituate,* 115 Mass. 336, 342; *Danielson v. Dyckman,* 26 Mich. 168, 169. The certified copy of a certificate of enrollment of the vessel at the custom house at the port of Honolulu, offered for the same purpose, shows that the oath of enrollment was made by one Dinsmore, who is described in such certificate as "agent and master." Section 4142 R. S. U. S. requires the oath to be made by an owner in the case of the registration of a vessel, and section 4312 requires the same proceedings in enrollment. The failure to carry out the provisions of the statute, which are mandatory, renders the so-called enrollment void. *United States v. Bartlett,* 2 Ware, 17, 27. The failure, then, of the attempt to prove that the vessel is, and was, not the property of the libellees, leaves the point in this position:—the allegations in the libel of their ownership; Mr. Low's failure to say under oath that Hind, Rolph & Co. of San Francisco were not the owners, while he was ready, under his theory of the independence of the two firms of each other, to state that Hind, Rolph & Co. of Honolulu were not the owners, and the fact of the use and possession by the libellees of the vessel. It is not necessary to rule on this point at the present time, but I will refer to the fol-

lowing authorities bearing on it: *Bas v. Steele*, 3 Wash. 381, 390; *The Nancy Dell*, 14 Fed. Rep. 744, 747.

Mr. Low, in his evidence both in his affidavit and oral testimony, attempts to establish a conclusion of law, to wit: that Hind, Rolph & Co. of San Francisco and Hind, Rolph & Co. of Honolulu are separate and distinct firms. If it is the fact that the two firms are composed of the same persons,—which is not fully shown, although Mr. Low does not know of any other partners in either firm than the libellees, they are in law, under the evidence, but one firm. 1 *Bates, Partnership*, sec 107; *In re Vetterlein*, 28 Fed. Cas. (16927) 1170; *In re Williams*, 29 Id. (17707) 1329; *Campbell v. Colorado C. & R. Co.*, 9 Colo. 60. The evidence at any rate shows clearly that the so-called Honolulu firm is a branch or an agency of Hind, Rolph & Co. of San Francisco, and that Mr. Low, being the manager of the Honolulu firm, is an agent of the San Francisco firm.

An order will be signed setting aside the service of process made as aforesaid.