JACOB BENJAMIN DOLE LAWELIILII *vs.* GEORGE U. HIND and JAMES ROLPH, JR., Copartners doing business under the firm name and style of HIND, ROLPH & COMPANY.

## October 29, 1907.

*Practice—Authority of district court to regulate its own practice:* In cases not provided for by the admiralty rules or legislation it is competent for a district court to regulate its "practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

*Same—Service of summons on agent of absent partners in admiralty proceedings:* Under sections 913 and 918 R. S. U. S., and the 46th admiralty rule, a district court may in admiralty proceedings *in personam* recognize service of process by a simple monition in the nature of a summons to appear and answer, on the agent and manager of a branch house of absent partners, as valid.

*In Admiralty*:    Rehearing of motion to set aside service of summons.

*J. J. Dunne,* Proctor for Libelant.
*Smith & Lewis,* Proctors for Libellees.

Dole, J.    It will be remembered that after this case was begun the libellees filed their motion to set aside the service of the citation on J. S. Low, on the ground that neither said Low nor Hind, Rolph & Company of Honolulu were the proper parties to serve, and on the further ground that this court is without jurisdiction to hear and determine the action.    This motion was heard, evidence was taken and argument had, and the motion was allowed on the first, fourth and fifth grounds thereof, which are as follows:—

" 1.—There is no provision in admiralty for service of process on an agent of the defendant in case of partnership; citing admiralty rule 2 and section 914 R. S. U. S."

" 4.—The local procedure does not govern as to the practice in courts of admiralty and equity."

" 5.—Service of process in admiralty cases is not governed by local statutes in view of section 913 R. S. U. S."

Thereafter, counsel for the libelant filed a motion for a rehearing, on the ground that the court erred in holding that service of process in admiralty may not be made under the provisions of the statutes of the Territory of Hawaii.    The motion was argued and submitted.

Section 914 R. S. U. S. provides that practice in civil causes other than equity and admiralty causes, shall conform to the practice in like causes in the courts of record of the State within which the court is located.    This section specifically excludes admiralty causes from the application of the rule of conformity to local practice.    The local practice allows any civil summons to be served, if defendant cannot be found, by leaving a certified copy with some agent or person transacting the business of the defendant, or at the defendant's last place of residence.

Admiralty rule 46 provides that " In all cases not provided for by the foregoing rules the District and Circuit Courts are to regulate the practice of the said courts respectively in such manner as they shall deem most expedient for the due administration of justice in suits in admiralty." This rule appears to have grown out of legislation passed in August of the year 1842, and now embodied in sections 913 and 918 R. S. U. S. Section 913 provides that the practice of admiralty "in the Circuit and District Courts shall be according to the principles, rules and usages which belong to courts of equity and of admiralty respectively, except when it is otherwise provided by statute or by rules of court made in pursuance thereof; but the same shall be subject to alteration and addition by the said courts respectively, and to regulation by the Supreme Court, by rules prescribed from time to time to any Circuit or District Court not inconsistent with the laws of the United States." Section 918 provides that such courts "may from time to time, and in any manner not inconsistent with any law of the United States or with any rule prescribed by the Supreme Court * * * make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

The case of *The Hudson,* 15 Fed. Rep. 162, 175-176, referring to these laws, says: " Powers as ample as legislation can give are conferred by law on the district court in cases of admiralty and maritime jurisdiction as to the 'forms and modes of proceeding,' and 'such alterations or additions thereto as the said courts shall in their discretion deem expedient,' and 'to regulate the practice as shall be fit and necessary for the advancement of justice,' subject only to any existing provisions of law or the rules established by the supreme court. Rev. St. secs. 913, 918; 1 St. at Large, 276; Act 1792, c. 36, sec. 2; Id. 335; Act 1793, c. 22, sec. 7; *Steam Stone Cutter v. Jones,*

13 Fed. Rep. 568, 577-581. The words 'modes of proceeding' in these acts, says Marshall, C. J., in *Wayman v. Southard,* 10 Wheat. 32, 'embrace the whole progress of the suit, and every transaction in it.' The admiralty rules adopted by the supreme court do not provide for the case here presented; and by rule 46 the pre-existing powers of the court in such cases are expressly recognized and affirmed to regulate its practice in admiralty 'in such manner as it shall deem most expedient for the due administration of justice.' "

In America, while there is ample provision for service of process on the agents of absent corporations, the local laws generally requiring from the corporations the nomination of agents on whom process may be served, yet there are no precedents that I have been able to find for similar service on agents of absent partnerships. On the other hand, the English practice has developed a rule that where an absent company has brought itself within the jurisdiction of the local courts, by trading on its soil and under protection of its laws, the head officer or manager of such business within the jurisdiction might be served with process. The case of *La Bourgogne,* Vol. VIII, N. S. Aspinall, 462, 463, has the following:—

" There is a passage in the learned President's judgment with which I am perfectly agreed, and that is that 'no foreign company or foreign persons should be made subject to the jurisdiction of these courts unless they have brought themselves within the jurisdiction by trading on its soil and under the protection of its laws.' The question is whether or not this company at the date when this writ was served was carrying on business in this country under such circumstances as would enable it to be said that they were resident in this country; and if so, then it would be conceded that the head officer or manager of the business in this country was the proper person to be served with process in this country."

I also find in 2 Pritchard's Admiralty and Maritime Digest, 1525, that " Where persons are sued as partners in the name of their firm, the writ shall be served either upon any

one or more of the partners, or at the principal place within thu jurisdiction of the business of the partnership upon any person having at the time of service the control or management of the partnership business there; and, subject to these rules, such service shall be deemed good service upon the firm.    Ord. IX, r. 6, No. 53."

The libellees were doing business in Honolulu and at San Francisco, and both partners resided in San Francisco. Their Honolulu house is conducted by Mr. J. S. Low, who was recognized by them as their attorney in fact. The ship which occasioned the injury to libelant was out of the jurisdiction, and it became, supposedly, necessary for the libelant to bring his action *in personam*. If the rule is followed that there can be no service on the agent or manager of a branch house of a firm in the absence of the partners, it would appear that this libelant would be deprived of his right to prosecute his case. Although this court is not required to follow the local rules of practice in similar proceedings, yet, under the laws referred to and rule of admiralty No. 46, it is authorized and empowered, within the limits of the statutes and the rules of admiralty made by the Supreme Court, to regulate its "own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." Sec. 918 R. S. U. S. And this leaves it free to adopt the local practice, or any other reasonable practice which is not inconsistent with the legislation and rules of court referred to. The reference in admiralty rule 2 to service of a monition, which is the service in this case, makes no reference to the person on whom such monition shall be served. The rule provides that a warrant of arrest shall be served on the person of the defendant, then, in the alternative, is the provision that service may be by a simple monition in the nature of a summons, to appear and answer to the suit as the libelant shall in his libel or information pray or allege, no reference being made to the person of the defendant. It does not appear that the discretion of the court is limited by the rules of the Supreme Court or by

legislation in such a way as to prevent the recognition of the service made in this case as valid.

Some of the authorities cited by counsel for the libelant may at first sight appear to support a similar practice in America, referring to the cases of *Ins. Co. N. A. v. F. Leyland & Co. Ltd.,* 139 Fed. Rep. 67; *In Re Louisville Under-Writers,* 134 U. S. 488; *Doe v. Springfield Boiler Co.,* 104 Fed. Rep. 684, but these were all corporations, and the practice of allowing service to be made upon an agent where the corporation or organization was absent, was under the provision that local laws had required the corporations to nominate some agent upon whom process could be served. Therefore I do not consider that those authorities apply specifically to the question before the court, but base the decision in this matter on the ground of the necessity that some reasonable service shall be possible for the furtherance of justice and for the prevention of delay, and that it shall not be said that any persons, either singly or as partners, may do a maritime business in this country and escape legal responsibility by living out of the jurisdiction of the federal court.

With the opportunity of a more exhaustive study of the point raised by the motion, which the rehearing has given, I do not hesitate, in accordance with the foregoing considerations to reverse the former decision on this point, but reaffirming such decision as to the other points raised by the libellee's briefs. The motion to set aside the service of summons is overruled.