## THE HENRY KOERBER, JR.

### THE CHARLOTTE (two cases).

(District Court, W. D. New York. September 27, 1920.)

Nos. 1165, 1166, 1176.

Admiralty ⊂⇒18—State officer not exempt from suit for maritime tort.

The Eleventh Amendment, providing that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state," *held* not to include suits in rem in admiralty for a maritime tort, nor to exempt the superintendent of public works of a state, authorized by statute to charter and operate tugboats, from process under the fifty-ninth admiralty rule (29 Sup. Ct. xlvi) in a suit in rem against such boats for a tort committed while they were being operated by him under charter.

In Admiralty. Suits by the Murray Transportation Company against the steam tug Henry Koerber, Jr., and by William Dolloff and by George Wagner against the steam tug Charlotte. On motion to dismiss monition. Denied.

Charles D. Newton, Atty. Gen., and Edward G. Griffin, Deputy Atty. Gen., for State of New York.

Stanley & Gidley, of Buffalo, N. Y. (Ellis H. Gidley, of Buffalo, N. Y., of counsel), for respondents.

HAZEL, District Judge. The separate libels substantially allege that the tugboats Charlotte and Henry Koerber, Jr., while under charter by the superintendent of public works of the state of New York, and under his control and direction, were so negligently navigated that damages were sustained by several barges and vessels, of which the libelants were either bailees or owners. The proceeding is in rem. The owners of the towing tugs claim to be innocent parties to the subject-matter, since the towing tugs at the time of the accident were chartered by the superintendent of public works of the state of New York for the benefit of the state under an act of the Legislature authorizing him to tow boats for hire in the Erie Canal, and appropriating $200,000 to carry the provisions of the act into effect.

After the libel was filed, the claimants of the tugs, under admiralty rule 59 (29 Sup. Ct. xlvi), cited the superintendent of public works to appear and answer the libel. In the petition it is stated that, in case the superintendent of public works cannot be found, then the goods and chattels of the state of New York within this district be attached to the amount of the claim. The Deputy Attorney General

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the state appeared specially on the return of the monition, and moved for a dismissal of the proceeding on the ground that this court is without jurisdiction of the person or the subject-matter herein, either in a libel in rem or in personam.

The point is whether the proceeding is a suit in law or equity against the state of New York, or simply a suit in admiralty and of maritime jurisdiction. It is a suit, in my opinion, of the latter class. The decisions as I understand them, point to this conclusion. The only exemption from process by reason of a sovereign attribute under the admiralty law is possessed by the national government alone. Workman v. Mayor, etc., 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314. The Eleventh Amendment of the Constitution, true enough, provides that—

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

But this broad provision has several times been construed in a way that does not include actions in rem to recover for a maritime tort; such actions not being strictly civil suits at law or in equity. The distinction between the latter forms of action and proceedings in rem is clearly suggested by Mr. Justice Story in his Commentaries on the Constitution of the United States (volume 3, § 1683), wherein he expresses a doubt as to whether the Eleventh Amendment of the Constitution extends to causes of that character. He states that a suit in admiralty is not, correctly speaking, a suit in law or in equity, but is often spoken of in contradistinction to both. In the Workman Case, supra, it was argued that, though courts of admiralty had the right to redress injuries to persons or property when the subject-matter was within the cognizance of such court and jurisdiction properly obtained of the person of the wrongdoer still admiralty courts were required to refuse relief whenever the relief was denied by the local law of a particular state or the decisions therein, owing to the attributes of sovereignty of the wrongdoer. But the Supreme Court was of a different opinion, and held that decisions of a state court could not abrogate maritime law, and that under the general maritime law, where the relation of master and servant exists, an owner of a vessel committing a maritime tort is responsible under the rule of respondeat superior. The learned court discussed at length the question of the rights of a sovereign state to be relieved from suits against it, and reached the conclusion that no example is found in the admiralty law for determining that one subject to suit and amendable to process should be relieved from a maritime tort upon such a theory. It was also held that a vessel in fault was liable for injury at sea to the injured party; the claim being enforceable in admiralty, except "when the vessel is the property of the United States," and in that case, because of reasons of public policy, a liability could not be enforced in a direct proceeding against the ship.

The principle in the Workman Case, supra, The Siren, 7 Wall. 153, 19 L. Ed. 129, and The John G. Stevens, 170 U. S. 120, 18 Sup. Ct. 544, 42 L. Ed. 969, clearly leads to the conclusion, in my opinion, that

all vessels, regardless of ownership, whether by individual, corporation, or state of the Union, are amenable to process in admiralty; the national government alone being exempted, although a suit at law or in equity where a state must respond is distinctly a suit against the state, as ably contended by the Deputy Attorney General, yet it is clearly and definitely recognized in the law that a proceeding in admiralty is sui generis, and general rules of procedure are treated as inapplicable. There is no rule of international application which in my estimation justifies the release of the superintendent of Public Works, who in his official capacity was authorized to engage in an enterprise involving the chartering of the tugboats in question for towing boats in the Erie Canal, and who furthermore was empowered by statute to collect fees for the towing services rendered and deposit the same in the state treasury.

Stress is laid upon the case of Governor of Georgia v. Juan Madrazo, 1 Pet. 110, 7 L. Ed. 73, where the libel was against slaves captured by pirates and seized under the state law. There was no attachment against the res, and Chief Justice Marshall, who wrote the opinion, treated the case as a libel in personam against the state, since the action was to recover the proceeds in the treasury realized on the sale of the slaves. Such a proceeding he regarded as a suit against the state, since the res was not in the possession of the District Court or properly within its jurisdiction.

In this case, however, the proceeding is purely in rem, the admiralty court being in possession of the thing proceeded against, which suffices to enable bringing the state into the case under the fifty-ninth rule in admiralty for proceeding against it in personam through its proper official. Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991.

Motion to dismiss monition denied.