## THE HANOVER.

### NICHIZUI TRADING CO., Limited, v. UNITED STATES et al.

(District Court, E. D. Pennsylvania. June 2, 1925.)

No. 125 of 1924.

Courts ⊂=274—Federal court in admiralty held to have jurisdiction of company in district where it has agents served.

A federal court in admiralty held to have jurisdiction over a steamship company in a district where it has agents on whom service is had, with authority from it to do all matters usually performed by steamship agents; contracts covering shipments on its vessels out of a port in the district being made in its name by said agents.

In Admiralty. Suit by the Nichizui Trading Company, Limited, against the United States, owner of the steamship Hanover; the Pacific Mail Steamship Company and another being impleaded as respondents. On motion of the named impleaded respondent to vacate and set aside service of process. Motion denied.

Biddle, Paul, Dawson & Yocum, of Philadelphia, Pa., and Bigham, Englar & Jones, of New York City (Howard Yocum, of Philadelphia, Pa., and T. Catesby Jones, of New York City, of counsel), for libelant.

J. Frank Staley, Sp. Asst. Atty. Gen., and Clinton M. Hester, Admiralty Atty. United States Shipping Board, of Washington, D. C. (George W. Coles, U. S. Atty., of Philadelphia, Pa., on the brief), for the United States.

Rawle & Henderson, of Philadelphia, Pa., and Haight, Smith, Griffin & Deming, of New York City (John W. Griffin, of New York City, and Joseph Henderson, of Phil-

adelphia, Pa., of counsel), for impleaded respondent.

THOMPSON, District Judge. This suit was brought against the United States under the Act of March 9, 1920 (U. S. Comp. St. Ann. Supp. 1923, §§ 1251¼–1251¼l) as if in rem. The United States, by petition under the fifty-sixth admiralty rule, has attempted to implead the Pacific Mail Steamship Company, and has caused process to be served upon Norton Lilly & Co. as alleged agents for the Pacific Mail Steamship Company at the place of business of the alleged agents in Philadelphia. The Pacific Mail Steamship Company now moves that the service be vacated and set aside, and the cause be dismissed as to it, upon the ground that it is not engaged in any business within this district.

From the depositions it is found that, at the time of service and prior thereto, the Pacific Mail Steamship Company was operating a line of steamers known as the Santa Line in intercoastal service between Atlantic and Pacific ports; that such vessels operated into and out of the port of Philadelphia to and from Pier 56 south; that prior to and at the time of service Norton Lilly & Co. were its authorized agents under written authority to represent the company at Philadelphia, their services to include solicitation of cargo, necessary billing, handling of steamers' business, including supervision of stevedores, clearances, purchasing of necessary supplies, making necessary disbursements, collecting freight, accounting, adjusting claims, and all other matters usually handled by steamship agents; that at Pier 56 is a large sign, with the words "Pacific Mail Steamship Company, Norton Lilly & Co., Agents"; that all contracts covering shipments of cargo upon said vessel out of the port of Philadelphia are made in the name of the respondent by the said agents, whose authority is complete, without first obtaining the approval or ratification of the respondent; and, in short, that Norton Lilly & Co., without further authority, do and perform all services in relation to such vessels authorized by the original written authority; that the Pacific Mail Steamship Company sends out printed notices of the sailing dates of such vessels over its name and that of Norton Lilly & Co. as its agents, and causes advertisement to be made to the same effect.

That the facts are sufficient to sustain the jurisdiction of this court sitting in admiralty over the impleaded respondent is, in my opinion, established under the authority of

many cases, of which it is only necessary to cite Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964, and In re Louisville Underwriters, 134 U. S. 488, 10 S. Ct. 587, 33 L. Ed. 991.

Motion denied.