## ROBINS DRY DOCK & REPAIR CO. v. CONSOLIDATED FISHERIES CO.

### No. A–14451.

District Court, E. D. New York.
Feb. 19, 1935.

Crowell & Rouse, of New York City, for libelant.

Macklin, Brown, Lenahan & Speer, of New York City, for respondent.

BYERS, District Judge.

This is a motion to vacate and set aside the service of a citation in an admiralty cause in personam.

The respondent corporation is stated in the libel to be a Delaware corporation having a place of business in this district and within the jurisdiction of the court, namely, at Hick's Island, Promised Land, Long Island.

The service of citation was made upon one William U. Ervine, who was described in the return of the marshal as the superintendent in charge of the corporation at the last-mentioned place, and also in Brooklyn upon John A. Hayes, who is described as an agent of the said corporation.

The affidavits in behalf of the motion assert that the respondent corporation is not doing business at Promised Land, and has not been since 1931, and consequently that it had no superintendent in charge of its place of business there; also that John A. Hayes, described as the agent of the corporation, is not such.

Jurisdiction over a non-resident corporation in an admiralty cause in personam may be acquired by service upon an agent, depending upon the capacity of the latter to represent the corporation. In re Louisville Underwriters, 134 U. S. 488, 10 S. Ct. 587, 33 L. Ed. 991; United States v. Bedouin S. S. Co. (D. C.) 167 F. 863; Norfolk Southern R. Co. v. Foreman (C. C. A.) 244 F. 353; Doe v. Springfield Boiler & Mfg. Co. (C. C. A.) 104 F. 684; American Potato Corporation v. Boca Grande S. S. Co. (D. C.) 233 F. 542.

It is impossible to determine with any degree of precision from the conflicting papers whether John A. Hayes was on January 10, 1935, when the citation was served, an agent of the respondent corporation and, if he was, the nature and character of his agency. This is a question of fact concerning which there is insufficient evidence to enable the court to dispose of the motion.

Decision therefore will be reserved pending the report of the special commissioner who will be appointed pursuant to Admiralty Rule 43 (28 USCA following section 723), to hear the parties and make a report:

(1) As to whether John A. Hayes was in fact an agent of the respondent corporation on January 10, 1935, and, if so, whether he was such an agent that service of process upon him conferred jurisdiction in this cause upon this court.

(2) Whether on December 14, 1934, the respondent corporation had a place of business at Promised Land, Suffolk County, Long Island, and, if so, whether on that date William U. Ervine was the superintendent in charge of the place of business of the said respondent at that place.

Settle order on two days' notice.