## ALLSMAN v. RHODES.

### No. 463.

District Court, E. D. Louisiana, New Orleans Division.

Jan. 2, 1941.

Epley & Johnson and Marion J. Epley, Jr., all of New Orleans, La., for plaintiff.

Watson & Williams, of Natchitoches, La., for mover-exceptor.

CAILLOUET, District Judge.

The mover and exceptor's primary exceptions and motion, as well as his alternative exceptions, are all overruled.

■ Admiralty jurisdiction, in contract cases, is dependent upon the maritime nature of the contract, and that jurisdiction is general; there is no minimum or maximum limit of the amount in controversy. "Benedict on Admiralty", 6th Ed. Knauth, Vol. 1, pp. 2 and 3.

The contract reflected by the pleadings in this case is maritime in its nature.

■■ A libel in personam in admiralty may be filed in any district within which the libelee can be served with process; mover and exceptor Rhodes was served personally within the Eastern District of Louisiana, although the libelant alleges that the said mover and exceptor resides in the Parish of Natchitoches, which is within the Western District of Louisiana. In re Louisville Underwriters, 1890, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991; Ex parte Shaw, 1892, 145 U.S. 444, 12 S.Ct. 935, at 938, 36 L.Ed. 768; Van Patten v. Chicago, M. & St. P. R. Co., C.C.N.D. Iowa, W.D.1896, 74 F. 981, at 987.

"Suits in personam, without prayer for an attachment, may be brought in any district in which proper service can be made upon the respondent; the provision in § 51 of the Judicial Code that (with certain exceptions) no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, does not apply to suits in admiralty." Benedict on Admiralty, supra, Vol. 2, § 242, pp. 78–79.

■ The Constitution and the Acts of Congress are controlling in the matter of venue in federal courts, and no state statute or codal provision can impair the same.

■ Even if it might be successfully contended that the Western District (as the actual place of residence of the mover-exceptor) and not the Eastern District,

was the proper venue in the first instance, such personal privilege (and it would be no more than that) has been waived by counsel's formal expression of consent, on behalf of his client, that his motion and exceptions be overruled.