## EVANS v. NICHOLSON TRANSIT CO. et al.

### No. 471.

District Court, N. D. Ohio, W. D.

Nov. 20, 1944.

Edward Lamb, of Toledo, Ohio, for plaintiff.

Arnold F. Bunge and Marshall, Melhorn, Wall & Bloch, all of Toledo, Ohio, and Foster, Yost & Lott, of Detroit, Mich., for defendant.

---

[1] For decision, see 146 F.2d 109.

KLOEB, District Judge.

This is a libel filed under the "Jones Act", libelant being a resident of New Jersey, against the respondent, a Michigan corporation, not qualified to do business in Ohio. Respondent has filed a motion to dismiss, on the ground that a suit in admiralty brought under the "Jones Act", 46 U.S.C.A. § 688, is governed by the venue provisions of that Act, and must be brought in "the court of the district in which the defendant employer resides or in which his principal office is located." The libelant contends that this provision does not apply to suits in admiralty, and that the libelant in this action is entitled to obtain service by an attachment of personal property of the respondent within this district. There are two lines of authority on this question, one supporting the libelant's contention, the other the contention of the respondent. There are no decisions controlling on this Court.

From time immemorial, the seaman has been the object of especial care on the part of both Courts and Legislature. " * * * They are regarded as the wards of the court and every shield and safeguard which the law can give is thrown around them, both by legislative enactment and judicial decision. * * *" The James H. Shrigley, D.C., 50 F. 287.

Many cases could be cited to show that rights or remedies given to seamen are liberally construed, but two should suffice. In The Rolph, 9 Cir., 299 F. 52, the Court held that the hiring of a known bully as mate rendered the ship unseaworthy, so that members of the crew could recover for beatings inflicted by the mate. In Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 266, 83 L.Ed. 265, the Court allowed a seaman to recover under the "Jones Act" for injuries resulting from his use, while on duty, of a defective appliance of the ship, when he chose to use the unsafe appliance, knowing it unsafe, instead of a safe method of doing his work, which was known to him. In that case, also, the Court said: " * * * seamen are the wards of the admiralty. * * * It is for this reason that remedial legislation for the benefit and protection of seamen has been liberally construed to attain that end. * * *"

When Congress enacted the "Jones Act" there was given to seamen additional rights, both in admiralty and at law. Traditionally, a seaman has always had the right to maintain a libel in personam wherever a monition can be served upon the libelee, or an attachment made of any personal property or credits of his. In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991. This Court is now asked to hold that the price of obtaining, in admiralty, the additional rights given seamen under the "Jones Act" is the giving up of this traditional right. If the Act specifically so held there could, of course, be no dispute; but it does not. The Court is unwilling to give the Act the construction contended for by the respondent in the face of the traditionally liberal attitude of admiralty towards seamen and their rights.

In the absence of any controlling authority, the Court feels that he should follow the line of authority which holds that the venue provisions of the "Jones Act" do not apply in admiralty. See Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98.

The motion of the respondent to dismiss the libel is accordingly denied.