## VINCENT v. ANN ARBOR R. CO.

District Court, S. D. New York.

Feb. 4, 1947.

George Engelman, of New York City, for libellant.

Atkins & Weymar, of New York City, for respondent Ann Arbor R. Co., for the motion.

HULBERT, District Judge.

Respondent seeks an order quashing and setting aside the return of service of the citation issued against it upon the prayer contained in the libel filed herein December 13, 1946, and for a decree dismissing the action.

Libellant is a resident of the State of Michigan and the respondent is a Michigan corporation.

It is urged by the respondent that this court should decline jurisdiction because neither of the parties are residents of the State of New York, but are in fact both residents of the State of Michigan where the alleged cause of action arose.

Libellant contends, however, that a suit in Admiralty by a libel in personam may be brought in any District Court of the United States where the respondent may be found and service can be effected. See In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991; Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98.

Respondent maintains two offices within this District; one for the purpose of soliciting freight and passenger business to be handled outside the State of New York, and the second, where transfers may be made of stocks and bonds issued by the defendant and where dividends and interest are payable. Whether a corporation is doing business within a district so as to be amenable to process depends upon the special facts of each case. The discussions in Jacobowitz v. Thomson, 2 Cir., 141 F.2d 72, and Snyder v. J. G. White Eng. Corporation, D.C., 60 F.Supp. 789, are helpful.

The conclusion reached by this court is that respondent, in the instant case, was present in this District to the extent that it is subject to the process of this court.

Respondent cites and relies upon Summerall v. United Fruit Co., D.C., 11 F. Supp. 963, affirmed, 2 Cir., 80 F.2d 1020, certiorari denied 298 U.S. 658, 56 S.Ct. 680, 80 L.Ed. 1384. That case, which was brought under the Jones Act, 46 U.S.C.A. § 688, was decided by this court, which does not deem it controlling here.

Libellant alleges in the instant case that he was employed aboard respondent's vessel

S/S Ann Arbor No. 5; that he became sick in the services of the vessel, and he seeks recovery for maintenance and cure in the amount of $10,000.

 Any recovery which a seaman may be entitled to upon such a theory arises out of his contract of employment, and is not predicated on negligence. Having reached the respondent with process in this District the Libellant is entitled to pursue his remedy. The contention of the respondent that this suit will be a burden on Interstate Commerce is without merit. Motion denied. Settle order on notice.