RHNO, INC., Rose Barge Lines, Inc., Donald W. Jones and H. G. Simpson, d/b/a Simpson Oil Company, Libelants,

v.

Robert PEDDIE, d/b/a Peddie Barge Landing, and Big State Barging Company, a corporation, Respondents.

No. 4580.

United States District Court
E. D. Illinois.

May 19, 1961.

Walker & Williams, East St. Louis, Ill., for libelants.

Lansden & Lansden, Cairo, Ill., for respondent Robert Peddie, d/b/a Peddie Barge Landing.

Dan H. Hinds, Houston, Tex., and John G. Holland, Cairo, Ill., for respondent Big State Barging Co.

JUERGENS, District Judge.

Big State Barging Company (hereinafter referred to as respondent) moves to quash and set aside second attempted service of process and to dismiss.

In support of its motion respondent alleges that the first attempted service of process herein was set aside and quashed by agreement of the parties; that thereafter on or about August 16, 1960, service of process was again attempted to be made on respondent by a Deputy United States Marshal of the Southern District of Texas delivering to an officer of respondent in Houston, Harris County, Texas, a copy of what was designated as "first alias monition," issued by the Clerk of the United States District Court for the Eastern District of Illinois, together with a copy of the libel. Respondent asserts that service of process in an admiralty action may not validly be made outside the district in which the suit is pending, much less outside the state in which the suit is pending, and points out that since this suit is pending in the Eastern District of Illinois, the attempted service of process is wholly void and invalid and should be quashed and set aside.

Respondent alleges that it has no officer or agent within the Eastern District of Illinois or within the State of Illinois; that it is not now and was not at the time of the institution of this suit doing business in the State of Illinois and was not and is not now present in the State of Illinois so as to be subject to the jurisdiction of this Court.

The libelants aver, inter alia, that the respondent, Robert Peddie, was the owner and operator of a barge landing service and fleet located on the Ohio River at Cairo, Illinois, where he furnished landing service to barge lines, barge owners and tow boats operating on the Ohio and Mississippi Rivers; that the respondent, Big State Barging Company, was the owner and operator of a vessel named M/V Chemical State; that on January 26, 1959, due to the negligence and carelessness of one or both of respondents, individually and/or collectively, the M/V Chemical State was caused or permitted to become loose from its moorings to the Peddie Barge Landing and to become adrift in the current of the Ohio River and negligently and carelessly permitted to collide and come in contact with several fleets of barges which were moored down river, causing said fleets, among which were the barges of the libelants, to become loose from the moorings and become adrift in the current and collide with one another or with bridge piers or other objects, causing damage to certain specified barges belonging to the respondents.

The assertions of respondent concerning the mode, method and place of service establish that process was served on an officer of the respondent by a Deputy United States Marshal in Texas and that the process was issued out of the United States District Court for the Eastern District of Illinois. There is no dispute but that service was made on an officer of the respondent—the impropriety of service being based rather on the service of monition being made in the State of Texas, outside the State of Illinois.

It cannot be successfully contended that the respondent was not at the time of the occurrence out of which this action arises present in the State of Illinois.

The occurrence upon which this suit is based allegedly happened on the Ohio

River between the States of Illinois and Kentucky.

The authorities disclose that the State of Illinois and the State of Kentucky have concurrent jurisdiction "on" the Ohio River over so much of the Ohio River as flows between them.

"But jurisdiction, whatever else or more it may mean, is jurisdicto, in its popular sense of authority to apply the law to the acts of men. (Citations omitted). What the Virginia compact most certainly conferred on the states north of the Ohio was the right to administer the law below low-water mark on the river * * *." Wedding v. Meyler, 192 U.S. 573, 24 S.Ct. 322, 324, 48 L.Ed. 570.

"Concurrent jurisdiction" such as exists between these states means "Jurisdiction, unqualified, being, as it is, the sovereign authority to make, decide on, and execute laws, a concurrence of jurisdiction * * *." Wedding v. Meyler, 192 U.S. 573, 24 S.Ct. 322. The State of Illinois has, at least, concurrent jurisdiction over that part of the river upon which the alleged acts of negligence were committed.

It is beyond dispute that the jurisdiction of the legitimate protective policy of the State of Illinois extends to acts committed on so much of the Ohio River as passes its border; and the alleged act was committed within an area over which the State of Illinois has jurisdiction. That the State of Illinois has power to provide for the redress of wrong committed within its jurisdictional area is not open to dispute.

Respondent does not assert that the service of process here attempted would have been invalid if it had been made in a civil action but strongly urges that the admiralty rules are not so flexible as to provide the method of service which would be authorized in a civil action. In this contention respondent is in error.

Jurisdiction in admiralty cases is not less extensive than in civil cases. To the contrary, the courts have consistently ruled that service of process in admiralty cases is far more liberal in many instances than is service of process in civil cases.

The United States Supreme Court in In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 589, 33 L.Ed. 991, stated as follows:

"In the present case, the libelee had, in compliance with the law of Louisiana, appointed an agent at New Orleans, on whom legal process might be served, and the monition was there served upon him. This would have been a good service in an action at law in any court of the state or of the United States in Louisiana. (cases cited) And no reason has been, or can be, suggested why it should not be held equally good in admiralty."

Although this statement by the United States Supreme Court is not directly in point, yet it indicates that where service of process is valid, if made in an action at law, the same type of service would be equally good in admiralty.

It has been held that service of a monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law and in equity. Miller v. The Sultana, D.C.W.D.N.Y.1948, 79 F.Supp. 877.

If the service of process here attempted would have been valid if made in law or in equity, then it would likewise be valid in admiralty.

A state has the right to protect its citizens and it has a further right to enact laws in furtherance of such protection. When a non-resident enters a state, he is subject to the laws of that state and is answerable for violations of the laws of that state. If valid laws of such state provide that for any tortious act committed while in that state, upon suit being filed, personal service of summons, together with a copy of the complaint, shall be sufficient for the courts of the state to proceed against him, even though a non-resident, he is subject to the provisions of that law. He was sub-

servient to it while in the state and remains so after leaving the state if he committed a tortious act within the state as provided by its laws.

Here the monition was served in accordance with the provisions of the Illinois Statutes, namely, Sections 16 and 17 of Chapter 110 (Illinois Revised Statutes, 1959), which provide in pertinent parts as follows:

"§ 16. Personal service outside State.

"(1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.

"§ 17. Act submitting to jurisdiction—Process.

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State;

\* \* \* \* \* \*

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

The above sections were held constitutional in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673.

The various courts have construed service of process similar to that here in question to have complied with the requirements of due process. Since the respondent being personally served is thereby given ample opportunity to appear and have its day in court, its constitutional rights are protected.

The Court finds that the service of the monition on the respondent, Big State Barging Company, was properly and validly made according to the laws of the State of Illinois and in accordance with the requirements of service of process in admiralty cases.

The motion of Big State Barging Company to quash and set aside second attempted service of process and to dismiss will be denied.