**INLAND BARGE COMPANY, Groves Ventures Company, Libelants,**

**v.**

**James NASBITT and George Nasbitt, doing business as Nasbitt Bros., Respondents.**

No. EV 62-C-53.

United States District Court
S. D. Indiana,
Evansville Division.

Nov. 19, 1962.

Fred P. Bamberger, Evansville, Ind., and Trabert & Gay, Cincinnati, Ohio, for libelants.

18.  2 Am.Jur.2d, "Administrative Law" sec. 764.

Walker & Walker, Evansville, Ind., for respondents.

STECKLER, Chief Judge.

This cause came before the court upon the motion of the respondent, James Nasbitt, for an order directing the libelants to make more definite statements in the libel and upon the exception of respondent, George Nasbitt, to the court's jurisdiction of his person. After considering the motion for more definite statement, together with the brief in support thereof (no answer brief having been filed), and after considering the exception to the court's jurisdiction over the person of George Nasbitt, and being duly advised in the premises, the court hereby OVERRULES the motion for more definite statement, except that libelants are directed to amend the libel to the extent necessary to comply with the requirement of Rule 22, Admiralty Rules, that the names and residences of the parties be set forth so far as known to libelants, in this instance, George Nasbitt; and the court hereby RESERVES its ruling on the exception to the court's jurisdiction over the person of respondent, George Nasbitt, and directs libelants and respondent, George Nasbitt, to submit affidavits and briefs within 15 days on this issue which will enable this court to determine exactly where process was served, i. e., whether "on" the Ohio River, or on a permanent structure within the Kentucky boundary attached to the river bed.

██ A libel in personam lies against a respondent in any district wherein he may be found, irrespective of his domicile. 2 Am.Jur.2d Admiralty § 169; 2 C.J.S. Admiralty § 13, citing In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991 (1890). The admiralty jurisdiction of United States district courts is co-extensive with the territorial boundaries of the state wherein the court sits. 2 C.J.S. Admiralty § 13 b; Inman v. The Lindrup, 62 F. 851 (D. Minn.1894); Pinckney v. The Hungaria, 41 F. 109 (D.S.C.1889), aff'd 42 F. 510

(C.C.1890). Cf., Rule 4(f), Fed.R.Civ. P.: "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held."

█ The Southern "territorial limit" or boundary of Indiana is the Indiana side of the Ohio River at the low water mark. See Ind. Constitution Art. 14, § 1 and Interstate Compact reprinted at Vol. 1 part I, Burns, p. 178. However, Indiana has concurrent jurisdiction over the Ohio River by virtue of the Interstate Compact. Wedding v. Meyler, 192 U.S. 573, 24 S.Ct. 322, 48 L.Ed. 570 (1904). Consequently, this court has jurisdiction concurrent with that of the appropriate Kentucky District Court, over the Ohio River. Compare Inman v. The Lindrup, supra.

██ The return of the United States Marshal, Western District of Kentucky, filed July 20, 1962, shows George Nasbitt was served "personally at boat landing, at end of 2nd. Street at Henderson, Kentucky, in the said district approx. at 10:20 a. m. on the 13th day of July, 1962." It may very well be that the respondent, George Nasbitt, was not served within the territorial jurisdictional limits of this court. There would appear to be, however, an issue of fact as to whether he was "on" the Ohio River when served. See Wedding v. Meyler, supra, 192 U.S. at 585, 24 S.Ct. at 325: "To avoid misunderstanding it may be well to add that the concurrent jurisdiction given [by the Indiana-Kentucky Compact] is jurisdiction 'on' the river, and does not extend to permanent structures attached to the river bed and within the boundary of one or the other State." It would seem obvious that the "boat landing, at end of 2nd. Street," Henderson, Kentucky, would be attached to the river bed and within the Kentucky boundary. However, if respondent was on a boat at the boat landing and was served thereon, it would appear that this court does have jurisdiction of his person. This presents an issue of fact.