Mary **STEWART**, et al., **Plaintiffs,**

v.

Gregory S. **WOODS, Defendant.**

No. 89–161–Civ–Oc–12.

United States District Court,
M.D. Florida,
Ocala Division.

Feb. 14, 1990.

Gregory S. Schell, Florida Rural Legal Services, Inc., Lake Worth, Fla., for plaintiffs.

Barry D. Graves, Ritch & Graves, P.A., Gainesville, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS

MELTON, District Judge.

This cause is before the Court on defendant's Motion to Dismiss for Improper Venue, filed herein on December 6, 1989. Plaintiffs responded with a memorandum in opposition to the motion, filed herein on December 18, 1989. The Court will deny the motion.

Defendant complains that he is not a resident of the Middle District and that the claim did not arise in the Middle District, so venue in this district cannot be predicated on 28 U.S.C. § 1391(b). Plaintiffs provide an argument for their assertion that the claim arose, at least in part, within the Middle District. Plaintiffs also argue that venue is proper pursuant to 29 U.S.C. § 1854(a).

The Court is of the opinion that this case is controlled by the more specific statute, 29 U.S.C. § 1854(a), the private right of action under the Migrant and Seasonal Agricultural Worker Protection Act ("MSAW-PA"). It provides for the filing of suit "in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy and without regard to the citizenship of the parties...." This language repeats the terms of section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Section 301(a) is recognized as a venue conferring statute. *See, e.g., White Motor Corp. v. International Union, U.A.W.,* 491 F.2d 189, 191 (2d Cir.1974); *Swanson Painting Co. v. Painters Local Union No. 260,* 391 F.2d 523, 526–27 (9th

Cir.1968). Statutes that are almost *in haec verba* should be construed consistently. *See, e.g., Communications Workers of Am. v. Beck,* 487 U.S. 735, 108 S.Ct. 2641, 2657, 101 L.Ed.2d 634 (1988); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). Accordingly, the present statute should be treated as one conferring venue for private actions under MSAWPA. *Cf. Neizel v. Williams,* 543 F.Supp. 899, 905 (M.D.Fla.1982) (Scott, J.) (suggesting, without resolving, that predecessor statute, which was worded identically in relevant part, "is a venue statute in and of itself").

Section 1854(a), then, confers venue coextensive with personal jurisdiction. *See Swanson Painting,* 391 F.2d at 526–27 (giving section 301(a) this interpretation). The venue rule in admiralty is the same on this point, conferring venue on any district from which service may lawfully issue under Fed.R.Civ.P. 4(f), even if service is or must be accomplished outside the district.[1] *See In re McDonnell–Douglas Corp.,* 647 F.2d 515, 516 (5th Cir. Unit A May 1981). Personal jurisdiction has not been challenged by defendant; the reach of Fed.R. Civ.P. 4(f) clearly extends service of process from this Court to Gainesville, Florida. Consequently, the Court concludes that venue is proper in the Middle District of Florida. Accordingly, it is

ORDERED AND ADJUDGED:

That defendant's Motion to Dismiss for Improper Venue is hereby denied.

DONE AND ORDERED.

---

**1.** Admiralty law provides a sound analogy for construction of the MSAWPA. The rules of personal jurisdiction and venue developed in admiralty in cognizance of the nature of a seaman's work. The Supreme Court once noted, "Courts of admiralty are established for the settlement of disputes between persons engaged in commerce and navigation who, on the one hand, may be absent from their homes for long periods of time, and on the other hand, often have property or credits in other places." *In re Louisville Underwriters,* 134 U.S. 488, 493, 10 S.Ct. 587, 589, 33 L.Ed. 991 (1890). This statement likewise describes the nature of farmworker litigation. Persons whose occupation is, by definition, migrant would be placed at considerable disadvantage in redressing their rights if they were forced to return to the judicial district in which the offending party resides. *Cf. id.* Moreover, the private action under MSAWPA covers parties, such as farm labor contractors, who themselves may be mobile. The intent of Congress would be effectuated best by the kind of liberal construction of venue that admiralty law has developed already.