ROYSTON DISTRIBUTORS, INC.
and
Imperial Car Distributors, Inc.
v.
I-S MASTER SKIBS-A/S GOLDEN
WEST
and
B. H. Sobelman & Co., Inc.
No. 63 of 1963.

United States District Court
E. D. Pennsylvania.
June 17, 1963.

Pepper, Hamilton & Scheetz, by J. B. H. Carter, Philadelphia, Pa., for libellants.

Krusen, Evans & Byrne, by Eugene R. Lippman, Philadelphia, Pa., for respondents.

WOOD, District Judge.

The matter before the Court in this libel concerns the respondents' exceptions to our jurisdiction. The libellants are consignees of automobiles shipped from England to Philadelphia which were received here in a damaged condition. This action is brought under the Carriage of Goods by Sea Act (C.O.G.S.A.), 46 U.S. C.A. §§ 1300 [1]–1315 to recover for damage to these vehicles allegedly caused while under the control of the respondents.

At argument it was conceded that B. H. Sobelman & Co., Inc., was not the ship's agent in this area for reception of service of this libel. The remaining question for our determination is wheth-

---

[1]. The Carriage of Goods by Sea Act states: "Every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of this chapter."

er the service made on the Secretary of the Commonwealth, in accordance with the Pennsylvania Non-Resident Vessel Owners Act, 12 P.S. §§ 336, 337, is valid in an action for damaged cargo.

In paragraph one of Count 1 of the libel, it is alleged that the automobiles were delivered to the respondents at the port of London, England in good condition. The second paragraph of Count 2 avers that the vessel arrived in Philadelphia and discharged the cargo "not in like good order and condition as when delivered to the vessel and to the respondents at the port of London, but seriously injured and damaged."

■ The Pennsylvania Non-Resident Vessel Owners Act (Act) authorizes service on non-resident owners "in *any civil suit* or proceeding instituted in  *  *  * the United States Courts in Pennsylvania against such operator or owner of such vessel arising out of, or by reason of, any accident or collision, occurring within the waters of the Commonwealth in which such vessel is involved." 12 P.S. § 336. Substituted service under this statute has been upheld, Coyle v. Pope & Talbot, Inc., 207 F.Supp. 685 (E.D. Pa.1962) [personal injuries to a longshoreman] so that such service is proper here if the requirement of the statute that libellants' suit is one "arising out of, or by reason of, any accident or collision occurring within the waters of Pennsylvania" is met.

The damage sustained by the libellants' automobiles falls within the ordinary meaning of an accident[2] and is a peril envisioned by the Act. While this action arises from the damage to the libellants' vehicles, the relief is bottomed on the carrier's breach of the contract of carriage covering the automobiles. The respondents contend that the Act was not intended to cover a claim subject to C.O. G.S.A. We reject this contention as a reading of the statute clearly shows that it covers "*any civil suit*  *  *  * arising out of, or by reason of, any accident or collision, occurring within the waters of the Commonwealth  *  *  *" We must give effect to the plain meaning of the words in a statute that are free from ambiguity.[3]

In this libel the allegations of negligence are inextricably bound with the alleged breach of the contract of carriage under C.O.G.S.A. No exercise in sophistic reasoning can separate the form of this action from its substance which essentially *arises out of an accident.*

■■ From this thesis it naturally follows that whether substituted process was proper stands or falls on whether or not respondent inflicted damage on libellants' vehicles in Pennsylvania waters. Neither party has established where this damage was inflicted. There is no allegation in the libellants' pleading that this damage occurred in the waters of this Commonwealth. Libellants have alleged that these vehicles were delivered to the respondents in London in good order and received in a damaged condition upon arrival in Philadelphia. These allegations are not controverted by the respondents' motion or affidavits. Therefore, for the purposes of this motion they must be deemed to be true. Under C.O.G.S.A. the burden of explanation is on the carrier where a prima facie case is made out by showing receipt in good order by the carrier and delivery at destination in a damaged condition. McNeely & Price Co. v. The Exchequer, 100 F.Supp. 343 (E.D.Pa.1947); and Daido Line v. Thomas P. Gonzalez, Corp., 299 F.2d 669 (9 Cir.1962). In a situation of this nature C.O.G.S.A. recognizes in § 1304 that the carrier peculiarly possesses the facts pertaining to where cargo is damaged while in its possession. Since the respondents have not produced any explanation where this damage occurred we must find in favor of jurisdiction rather than against the power of this Court.

---

2. Webster's New Collegiate Dictionary defines accident as "an event that takes place without one's foresight or expectation."

3. Statutory Construction Act, 46 P.S. § 551.

" * * * Thus from every point of view it was incumbent on those who called the jurisdiction in question to produce whatever proof was needed to sustain their challenge." Ex Parte Muir, 254 U.S. 522, 532, 41 S. S.Ct. 185, 65 L.Ed. 383 (1920)

Our ruling today does not foreclose the renewal of this jurisdictional question when it is established either by interrogatories or testimony at the trial that this damage occurred outside Pennsylvania waters.

ORDER

And Now, this 17th day of June, 1963, the respondents' motion to dismiss on exceptions to our jurisdiction is Denied without prejudice.