127 F.Supp. 945 (1954)
Mrs. Earline TARDIFF, Widow of Alcide L. Cressionie, Plaintiff,
v.
BANK LINE, Ltd., Defendant.
Civ. No. 4670.
United States District Court, E. D. Louisiana, New Orleans Division.
December 30, 1954.
*946 Raymond H. Kierr, Samuel C. Gainsburgh, New Orleans, La., for plaintiff.
Terriberry, Young, Rault & Carroll, Walter Carroll, Jr., New Orleans, for defendant.
WRIGHT, District Judge.
Plaintiff's husband, a resident of Louisiana, was killed working as ship repairman on the British Steamship Springbank while that vessel was at the dock in the harbor in New Orleans. The widow claims that her husband was killed through the negligence of the owner of the Springbank or its agents and brings this action under Article 2315 of the Louisiana Statutes Annotated-Civil Code for damages. Service was obtained on the defendant, Bank Line, Ltd., pursuant to Louisiana Statutes Annotated-Revised Statutes 13:3479, called the Louisiana Watercraft Statute, which provides that the operation of a vessel in territorial waters of the state by a nonresident shall be deemed equivalent to the appointment by such nonresident of the Secretary of State as attorney for service or process respecting any suit against the nonresident growing out of an accident or collision in which the vessel may be involved while within the state.
The defendant has moved to dismiss and, in the alternative, to quash the service of the summons for the reason that jurisdiction of the defendant has not been properly obtained. The defendant's position seems to be that under the interstate and foreign commerce clause as well as the admiralty clause of the Constitution, art. 1, § 8, cl. 3 and art. 3, § 2, cl. 1, jurisdiction over the navigable waters of our country reposes in the federal government and that any effort on the part of a state to regulate interstate or foreign commerce, particularly of a marine nature, is unconstitutional. The defendant insists further that, assuming a state may create rights, arising from incidents occurring within its boundary on navigable water, against persons in interstate and foreign commerce, this action must nevertheless fail because the Louisiana Watercraft Statute, unlike its prototype, the nonresident motorist statute, LSA-R.S. 13:3474, 13:3475,[1] is unconstitutional, and consequently the defendant is not properly before the Court. The defendant argues that the nonresident motorist statutes are constitutional because the implied consent to service in the state provided therein is based on the state's right to exclude the nonresident from its highways, whereas, admittedly, no state can exclude nonresidents, as such, from its navigable waters.
The struggle on the part of states to provide a right of action, as well as a remedy, for its citizens to recover damages suffered at the hands of transient nonresidents has been a long one. By a slow process of attrition, the defenses of interstate and foreign commerce, admiralty jurisdiction, and Pennoyer v. Neff[2] have been slowly overcome until now, in its watercraft statute, Louisiana is the first to attempt to provide a forum for actions based on maritime torts committed on navigable water within its territorial limits by nonresidents, irrespective of inability to obtain personal *947 service within the state on such nonresidents.
Although it has now been held that state law is not applicable to maritime tort on navigable water not resulting in death,[3] it has been clear for years that a state may create a right of action for death on navigable waters within its boundaries, at least where such right is not provided under federal law.[4] Even Congress has recognized the power of the state in this regard.[5] The serious question presented by this case, therefore, is: After the state has created the right of action for death on its navigable waters, may it provide a forum for the adjudication of that right against nonresidents, in interstate or foreign commerce or otherwise, who are present in the state at the time of the death but absent at the time of service of process.
The landmark case of Pennoyer v. Neff, supra, decided in 1866, sets up the requirements of due process respecting the jurisdiction of a court to render a judgment in personam against a defendant. One of those requirements is service of process on the defendant within the state. The doctrine of Pennoyer v. Neff, however, though venerable and long-revered, is primarily of historical importance today. After suffering substantial erosion from a series of subsequent decisions,[6] finally, in International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, the Supreme Court gave it a decent burial and found that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
En route from Pennoyer v. Neff to International Shoe Company, the Supreme Court indulged in some interludes of sophistry in order to maintain the form of Pennoyer v. Neff while eroding its content. For example, in Hess v. Pawloski, 274 U.S. 352, 356, 47 S.Ct. 632, 633, 71 L.Ed. 1091, in holding constitutional a nonresident motorist statute, the Court said "And, having the power so to exclude [the nonresident from its highways], the state may declare that the use of the highway by the nonresident is the equivalent of the appointment of the registrar as agent on whom process may be served." In its effort to justify jurisdiction in personam of the nonresident motorist, and at the same time pay lip service to Pennoyer v. Neff, the Court seized upon the language in Pennoyer v. Neff, 5 Otto at page 733, 24 L.Ed. 565, eliminating the necessity for personal service within a state in "* * * cases in which that mode of service may be considered to have been assented to in advance," the assent, in Hess v. Pawloski, being implied from the use by the defendant of the state highways. In a more recent case,[7] Mr. Justice Frankfurter, in referring to this fictitious assent of the nonresident motorist, observed: "In point *948 of fact, however, jurisdiction in these cases does not rest on consent at all. See Scott, Jurisdiction over Nonresident Motorists, 39 Harv.L.Rev. 563. The defendant may protest to high heaven his unwillingness to be sued and it avails him not. The liability rests on the inroad which the automobile has made on the decision of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, as it has on so many aspects of our social scene." Even the assumption on which the consent is predicated is fictitious. The right of the state to exclude nonresidents, as such, from its highways is a myth, unsupported in our constitutional jurisprudence.[8] No longer ago than last decision day, the Supreme Court held[9] that a motor line, guilty of repeated violations of state laws regulating vehicular traffic, could not be excluded from the highways of the state whose laws it insisted on offending.
Viewed realistically, therefore, the constitutionality of the nonresident motorist statutes is not predicated on the nonresident's consent to be sued, implied from its use of the state's highways. The constitutionality of these statutes rests on the right of a state under its police power to protect its citizens, and others within its borders, by providing a forum in which actions arising out of accidents on its highways may be litigated. Such statutes do not violate due process for they do not offend "`traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, supra, 326 U.S. 316, 66 S.Ct. 158, 90 L.Ed. 95.
No valid distinction can be drawn between a nonresident motorist statute and a nonresident vessel owner statute. The state's right and duty to provide protection for persons and property on its navigable waters are no less important than its right and duty to provide like protection for persons on its highways. Unquestionably, since no cause of action for death in the circumstances in suit is provided by federal law, the state may provide that right. Having provided the right, the state should not be powerless to provide the remedy.[10] To hold otherwise would be to relegate this widow to the courts of Great Britain under whose jurisdiction personal service may be obtained on the defendant. Or perhaps she could wait, possibly in vain, but at least until the peremptive period of one year[11] has run, for this defendant, now resisting jurisdiction of this court, to make its vessel available to her at some convenient location for attachment by admiralty process.
Motions to dismiss and to quash service denied.
NOTES
[1] In Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, the Supreme Court approved, against constitutional attack, service of summons under the Massachusetts nonresident motorist statute on the theory of implied consent predicated on the use of the state's highways by the nonresident.
[2] Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565.
[3] Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202.
[4] Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210; Sherlock v. Alling, 93 U.S. 99, 23 L.Ed. 819.
[5] Puleo v. H. E. Moss & Co., 2 Cir., 159 F.2d 842; 16 U.S.C.A. § 457; 46 U.S.C.A. § 767.
[6] Milliken v. Meyer, 311 U.S. 457, 61 S. Ct. 339, 85 L.Ed. 278; Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158; Klein v. Board of Tax Supervisors of Jefferson County, Kentucky, 282 U.S. 19, 51 S.Ct. 15, 75 L.Ed. 140; St. Louis Southwestern Railway Company of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486; Commercial Mutual Accident Company v. Davis, 213 U.S. 245, 29 S.Ct. 445, 53 L.Ed. 782; Pennsylvania Lumbermen's Mutual Fire Insurance Company v. Meyer, 197 U.S. 407, 25 S. Ct. 483, 49 L.Ed. 810; Connecticut Mutual Life Insurance Co. v. Spratley, 172 U.S. 602, 19 S.Ct. 308, 43 L.Ed. 569; St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222.
[7] Olberding, d/b/a Vess Transfer Co. v. Illinois Central Railroad Co., Inc., 346 U.S. 338, 341, 74 S.Ct. 83, 85.
[8] South Carolina State Highway Department v. Barnwell Brothers, Inc., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734; Morf v. Bingaman, Commissioner of Revenue for New Mexico, 298 U.S. 407, 56 S.Ct. 756, 80 L.Ed. 1245; Sproles v. Binford, Sheriff, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167; Sprout v. City of South Bend, 277 U.S. 163, 48 S.Ct. 502, 72 L. Ed. 833; Clark v. Poor, 274 U.S. 554, 47 S.Ct. 702, 71 L.Ed. 1199; Morris v. Duby Commissioners, 274 U.S. 135, 47 S.Ct. 548, 71 L.Ed. 966.
[9] Castle v. Hayes Freight Lines, Inc., 75 S.Ct. 191.
[10] See contra: 29 Tulane L. Review 111.
[11] Right created by Louisiana Statutes Annotated  Civil Code, Article 2315, ceases to exist after passage of one year. Mejia v. United States, 5 Cir., 152 F.2d 686.