Anton H. ULRICH, Plaintiff,

v.

Charles Jesse STEAD, Defendant.

Civ. A. No. 7095.

United States District Court
W. D. New York.

Oct. 31, 1956.

Clifford A. Russell, Jamestown, N. Y., for plaintiff.

Sullivan, Weaver & Maghran, Buffalo, N. Y. (John R. Weaver, Buffalo, N. Y., of counsel), for defendant.

MORGAN, District Judge.

Defendant moves to dismiss the above entitled action for lack of venue. Venue is not established by mere use of the highways under nonresident statute; in this case, section 52 of the Vehicle and Traffic Law of New York, McKinney's Consol. Laws, c. 71. *

Section 1391(a), Title 28 U.S. C.A. provides, "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." While the reasoning of the dissenting opinion in the case of Olberding v. Illinois Central R. R. Company, Inc., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 seems more logical, as we face increasing motor traffic and highway speeds, the opinion of the majority controls.

The majority opinion has been cited in Tardiff v. Bank Line, D.C., 127 F. Supp. 945, 947, O'Brien v. Weber, D.C., 137 F.Supp. 684 and Holbrook v. Cafiero, D.C., 18 F.R.D. 218, 219. In the O'Brien v. Weber case, it is definitely held that venue is not established by mere use of the highways under a nonresident motor statute and upon seasonable objection of venue, dismissal becomes mandatory. In the Tardiff v. Bank Line case, however, the court said in 127 F.Supp. at page 948, "Viewed realistically, therefore, the constitutionality of the nonresident motorist statutes is not predicated on the non-resident's consent to be sued, implied from its use of the state's highways. The constitutionality of these statutes rests on the right of a state under its police power to protect *its citizens*, and others within its borders, by providing a forum in which actions arising out of accidents on its highways may be litigated. Such statutes do not violate due process for they do not offend ' "traditional notions of fair play and substantial justice." ' International Shoe Co. v. State of Washington, supra, 325 U.S. 316, 66 S.Ct. 158, 90 L.Ed. 95." (Italics supplied.)

The precise question of whether the reasoning of the Olberding case applies when the defendant was a resident of the state at the time the cause of action arose, and then removed without having his whereabouts discovered until after the present action was brought, has not been precisely presented. The affidavit of plaintiff's attorney, opposing the motions to dismiss, indicates a situation whereby plaintiff could be deliberately thwarted as a result of defendant's action.

When one operates a motor vehicle while a resident of New York, and with full knowledge of all the facts, removes to a nearby state, he ought not be protected by the Olberding v. Illinois Central R. R. Company decision. In that case, the parties were nonresidents at the time of the accident and when the action was commenced. Moreover, this defendant has received notice of action, and has an opportunity to defend. Tennant v. Farm Bureau, 286 App.Div. 117, 141 N.Y.S.2d 449. This court is bound, as to jurisdiction and venue, however, by the rule of the Olberding case, supra.

The motion to dismiss for lack of venue must be granted. Prepare and submit order.