Elvin FRASE, Plaintiff,

v.

COLUMBIA TRANSPORTATION COMPANY, Defendant.

No. 56 C 1444.

United States District Court
N. D. Illinois, E. D.

Mar. 26, 1957.

Timothy F. Sullivan and L. A. Ferdinand, Chicago, Ill., for plaintiff.

Bradley, Pipin, Vetter & Eaton, Chicago, Ill., Johnson, Branand & Jaegar, Cleveland, Ohio, for defendant.

SULLIVAN, Chief Judge.

The complaint here seeks to recover under the Jones Act (Title 46 U.S.C.A. § 688ff.) for injuries to a seaman employed as a member of the crew on defendant's vessel Sierra. It is alleged that the accident which caused the injuries occurred on the ship "as it traversed the navigable waters of the United States in Lake Michigan within the territorial limits and off the shore of the State of Illinois".

Defendant corporation is a non-resident of Illinois, and service was made on it by serving the Secretary of State of Illinois and mailing a copy to defendant. This procedure is authorized by Ch. 110 Ill.Rev.Stat.1955, Sec. 263b, which provides that " * * * the use and operation by any person of a watercraft in the waters of this State, shall be deemed an appointment by such person of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him"; it further defines "waters of this State" as "the Illinois portion of all boundary lakes".

Defendant has moved to dismiss the complaint, asserting first that the service made under this section was invalid as a violation of its right to due process under the Fourteenth Amendment. Its argument in this connection appears to assume that since Lake Michigan is used for interstate commerce it cannot (as the brief puts it) "constitute waters of Illinois". This is a non-sequitur; inter-state commerce may of course pass through Illinois territory. Its Constitution describes the boundary of Illinois (Art. I) as the "middle of Lake Michigan" to N latitude 42 degrees and 30 minutes (See Illinois Central R. R. v. Illinois, 1892, 146 U.S. 387, 13 S.Ct. 110, 36 L.Ed. 1018; and on motion to dismiss the allegation that the

**860**

accident occurred within the "territorial limits" of Illinois must be accepted.

That being the case, the Illinois statute is operative; and service of federal process may be made in the manner there prescribed (Vol. 3 Cyclopedia of Federal Procedure Page 438). Objections to its constitutionality cannot be sustained. Service in accordance with similar statutes providing substituted service on non-resident motorists using the state's highways have frequently been upheld (Hess v. Pawloski, 1926, 275 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; and cases cited at Vol. 3 Cyclopedia of Federal Procedure pages 42607); and there is no reason to distinguish a similar provision for those who use its waterways. The Illinois statute does not violate the Fourteenth Amendment to the United States Constitution.

■ Defendant next points out that the Jones Act provides that (Title 46 U.S.C.A. § 688) "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located", and that it neither resides nor has its principal office in Illinois. This is a venue provision which may be waived (United States v. Hvoslef, 1915, 237 U.S. 1, 35 S.Ct. 459, 59 L.Ed. 813), and, under the analogous law dealing with non-residential motorists, has been waived by the defendant's use of the waterways of Illinois (Olberding v. Illinois Cent. R. R., 6 Cir., 1953, 201 F.2d 582).

■ Defendant further objects that Count II, asking damages for maintenance and cure, is justiciable only in admiralty and should not be joined with Count I, which is a claim for damages under the Jones Act. This is easily cured. After a trial on the negligence issue, the claim for cure and maintenance will be submitted to a court as an admiralty tribunal.

Defendant's motion to dismiss is overruled.