**Leo J. FRANKLIN, Plaintiff,**

v.

**TOMLINSON FLEET CORP., Defendant.**

**No. 56 C 1683.**

United States District Court
N. D. Illinois, E. D.

Oct. 7, 1957.

Louis L. Silverman, Ron Doyle, Chicago, Ill, for plaintiff.

McBride & Baker, Chicago, Ill., Russell V. Bleeker, Cleveland, Ohio, for defendant.

SULLIVAN, Chief Judge.

This is a complaint under the Merchant Marine Act of 1920 to recover damages allegedly suffered by a seaman while in the course of his duties as an employee of defendant. The accident which caused the injuries occurred when the boat on which plaintiff was employed was "traveling the navigable waters bordering upon the State of Illinois" (Complaint, par. 4). The defendant is a Delaware corporation, and service of process was made on the Secretary of State of Illinois in accordance with the Illinois Non-Resident Water Craft Act (Ch. 110, Ill.Rev.Stat.1951, Sec. 263a et seq.).

██ Defendant has moved to quash service of summons, asserting *inter alia* that this statute is unconstitutional. This contention must be overruled. The provision for service of summons on the Secretary of State in the case of non-residents using the navigable waters of the State closely resembles the similar provision for service of nonresident motorists; and the latter statute has been upheld (Jones v. Pebler, 1939, 371 Ill. 309, 20 N.E.2d 592, 127 A.L.R. 451). There is no doubt that the state's power to control the use of its navigable waters is equal to its power to control its highways (Tardiff v. Bank Line, Ltd., D.C. E.D.La.1954, 127 F.Supp. 945). There is no basis in reason or authority on which this court could find the Illinois statute unconstitutional.

Defendant has raised various other objections to the service of process which it has failed to substantiate by authority or argument, and which are without merit; nothing would be gained by reciting them here.

██ Defendant also asks that plaintiff be required to elect between a claim under the Jones Act and a claim under the Admiralty law for unseaworthiness. Such an election is not required (German v. Carnegie, 3 Cir., 1946, 156 F.2d 977).

██ Defendant further contends that Title 46 U.S.C.A. § 688 precludes the jurisdiction of this court. That section of the Jones Act provides that "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located". In an unverified motion signed by counsel rather than by any official of the defendant corporation, it is asserted that defendant is not a resident of Illinois and does not have its principal office here.

This objection is not necessarily fatal, since it has been held that "residence" includes the place in which the defendant is doing business (Phillips v. Pope & Talbot, Inc., D.C.S.D.N.Y.1952, 102 F. Supp. 51; Vol. 3 Cyclopedia of Federal Procedure, Page 97 et seq.). In any event, there is no showing at present in the record on which a finding on this point can be based. On the present state of the pleadings, the contention must be overruled.

Defendant's motion to quash service of summons and to strike counts 1 and 2 of the complaint for failure to elect are overruled.