Nils NILSSON, Plaintiff,

v.

CLEVELAND TANKERS, Inc., Defendant.

No. 56 C 1690.

United States District Court
N. D. Illinois, E. D.

Oct. 23, 1957.

Louis L. Silverman and Robert F. Doyle, Chicago, Ill., for plaintiff.

McCreary, Hinslea & Ray, Cleveland, Ohio, McBride & Baker, Chicago, Ill., for defendant.

PERRY, District Judge.

This cause came on to be heard on the motion of the defendant to dismiss the amended libel in personam and other alternate motions.

This court has carefully examined and considered all pleadings as well as the briefs of counsel.

On July 24, 1957, this court dismissed the complaint for improper venue in accordance with the decision in Olberding v. Illinois Central Railroad Co., Inc., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39. Pursuant to leave of court, the plaintiff amended his action and now brings it in admiralty. The defendant once again attacks, among other things, the question of venue. This court now rules solely on the question of venue.

The plaintiff has expressly conceded that the defendant is not a resident of this district and that it is not doing business here. Purported service upon the defendant was made pursuant to the Illinois Non-Resident Watercraft Act, Ill. Rev.Stat.1957, c. 110, § 263a et seq. which provides that the use and operation by any person of a watercraft in the waters of this State shall be deemed an appointment of the Secretary of State to be his true and lawful attorney upon whom may be served all legal process in an action or proceeding against him growing out of such use or resulting in damage or loss to persons or property. It is clear from the record that at no time has the defendant been licensed to do business within this district or that it has ever designated any agent within this district for service. There is no showing that it is actually doing business within this district. Since jurisdiction of this court is not founded upon diversity of citizenship, it would seem that the venue requirements of 28 U.S. C.A. § 1391(b) and § 1391(c) must be fulfilled. In the absence of any designation of an agent for service by the defendant or the doing of business by the defendant within this district, venue must be founded upon some implied consent by the defendant to be sued within this district by virtue of the Illinois Non-Resident Watercraft Act. In its consideration of an analogous statute, the Supreme Court of the United States in Olberding v. Illinois Central Railroad Company expressly held that no such consent could be implied.

It is, therefore, ordered that the amended libel in personam be and it is hereby dismissed for improper venue.