Leon Albert COYLE

v.

POPE & TALBOT, INC.

George MATTIS

v.

POPE & TALBOT, INC.

Civ. A. Nos. 30992, 30993.

United States District Court
E. D. Pennsylvania.

July 3, 1962.

Marvin I. Barish, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Joseph J. Murphy, Murphy & Sheehan, Philadelphia, Pa., for defendant.

GRIM, District Judge.

These are actions by longshoremen against a shipowner for personal injuries.

Service of process on defendant, a nonresident of this District, was made by serving the Secretary of the Commonwealth of Pennsylvania pursuant to the Pennsylvania Act of November 10, 1959, P.L. 1404, 12 P.S. (Pa) §§ 336, 337, authorizing such service on nonresident owners and operators of vessels in Pennsylvania waters and ports.

Defendant moves to vacate and set aside the service on the ground that the Pennsylvania statute unconstitutionally overreaches state power in that it conflicts with that portion of Article III, Section 2 of the Constitution [1] which provides:

"The judicial Power shall extend * * * to all Cases of admiralty and maritime Jurisdiction * * *."

It appears that this contention has been denied previously in Tardiff v. Bank Line, Ltd., 127 F.Supp. 945 (E.D.La. 1954), and Franklin v. Tomlinson Fleet Corp., 158 F.Supp. 850 (N.D.Ill.1957),

[1] Since no injunction is sought, 28 U.S.C. §§ 2281–2284 requiring a three-judge court be convened, do not apply.

as well as by the order entered April 17, 1962, by Judge Luongo of this Court in Miles v. Pope & Talbot, Inc., Civil Action No. 30677. The decisions in these cases will be followed here.

### ORDER

AND NOW, July 3, 1962, defendant's motion to vacate and set aside service of process is denied.