Robert H. PAIGE, Libelant,

v.

SHINNIHON KISHEN, Respondent.

No. 5216.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 17, 1962.

Zelden & Zelden, Max Zelden, New Orleans, La., for libelant.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Paul A. Nalty and Leon Sarpy, New Orleans, La., for respondent.

AINSWORTH, District Judge.

The validity of Louisiana's Watercraft Statute [LSA–R.S. 13:3479–13:3482 (1950)] is challenged on the ground that it is in conflict with General Admiralty Rules 1 and 2, 28 U.S.C.A. [1]

In a libel in admiralty libelant alleged that he was injured while in the course and scope of his employment as a stevedore aboard the vessel SS ASOHARU MARU while afloat in the harbor of New Orleans, Louisiana, and that the injury was caused by the unseaworthiness of the vessel. The libel further alleged that the owner of the vessel is Shinnihon Kishen of Kobi [Kobe], Japan, and that "[The] libelant is suing your respondent

[1]. The Louisiana Watercraft Statute tracks the Louisiana Highway Statute, substituting watercraft for motor vehicle, and waterways for highways. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L. Ed. 1091 (1927), has upheld the constitutionality of the nonresident motorist statutes from the standpoint of due process and the watercraft statutes have been likewise upheld in Goltzman v. Rougeot, W.D.La., 1954, 122 F.Supp. 700; Tardiff v. Bank Line Ltd., E.D.La., 1954, 127 F.Supp. 945; Franklin v. Tomlinson Fleet Corp., N.D.Ill., E.D., 1957, 158 F.Supp. 850; and Fraze v. Columbia Transportation Company, N.D.Ill., E.D. 1957, 158 F.Supp. 858, but see Leszynski v. Russ, D.Md., 1961, 192 F.Supp. 422, in which a motion to dismiss was overruled pending further development of the facts re this "new type of legislation," and Nilsson v. Cleveland Tankers, Inc., N.D. Ill., E.D., 1957, 158 F.Supp. 350, dismissed for improper venue.

herein pursuant to the provisions of Louisiana Revised Statutes of 1950, 13:3479–82, as amended, otherwise known as the Watercraft Statute * * *." Respondent, having been served with process through the Louisiana Secretary of State, pursuant to the state statute, now moves to quash said service.

Respondent's contention that Admiralty Rules 1 and 2 are the exclusive method of obtaining in personam jurisdiction over a vessel owner is based upon the express language of these rules and the constitutionally limited power of the states to legislate in matters affecting admiralty.

Admiralty Rule 1 provides that a libel "shall" be filed in the clerk's office and "shall" be served by the United States marshal or his deputy.

Admiralty Rule 2 provides that jurisdiction in suits in personam "shall" be by monition in the nature of a summons to appear and answer the suit.

■ It might be argued that the "shall" of Rules 1 and 2 is mandatory under the Admiralty Rules, or that " * * * there is sufficient compliance with Admiralty Rule 1 when the marshal serves process upon [the Secretary of State]." Valkenburg, K.-G. v. The S.S. Henry Denny, 7 Cir., 1961, 295 F.2d 330, 333. In either event, it has long been held that "Service of monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law and in equity. In re Louisville Underwriters, 134 U.S. 488, 493, 10 Sup.Ct. 587, 33 L.Ed. 991 (1890)." Doe v. Springfield Boiler & Mfg. Co., 9 Cir., 1900, 104 F. 684.

■■ The constitutional grant of admiralty and maritime jurisdiction to the Federal Courts does not necessarily preclude state legislation in this area. Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582, rejected the doctrine that states could not legislate in regard to maritime affairs. A state's power to legislate in maritime matters, however, is limited to legislation which will not alter essential features of the substantive maritime law. Just v. Chambers, 312 U.S. 383, 387, 668, 61 S.Ct. 687, 85 L.Ed. 903 (1941).

 Louisiana's Watercraft Statute does not alter the essential features of the substantive maritime law. The statute provides, in substance, for service of process on the Louisiana Secretary of State in actions against nonresidents growing out of any accident arising from the nonresident's operation, navigation, or maintenance of watercraft in the state. The admiralty procedure and the state procedure are not in conflict but actually supplement one another. State law may supplement federal law in admiralty matters. Maryland Casualty Co. v. Cushing, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1954).

Motion to dismiss and quash service denied.