SIOUX CITY AND NEW ORLEANS BARGE LINES, INC., Libelant,

v.

UPPER MISSISSIPPI TOWING CORP., Respondent.

UPPER MISSISSIPPI TOWING CORP., Cross-Libelant,

v.

The TUG ST. JOSEPH et al., Cross-Respondent.

ROSE BARGE LINES, INC., Libelant,

v.

The TUG ST. JOSEPH et al., Respondent.

Nos. 63–G–5, 63–G–19.

United States District Court
S. D. Texas,
Galveston Division.

Sept. 11, 1963.

738

Bracewell, Reynolds & Patterson, Harold R. DeMoss, Jr., Houston, Tex., for libelant Sioux City and New Orleans Barge Lines, Inc. and for respondent and cross-respondent Tug St. Joseph.

Fulbright, Crooker, Freeman, Bates & Jaworski, Thomas A. Brown, Jr., Houston, Tex., for respondent and cross-libelant Upper Mississippi Towing Corp. and libelant Rose Barge Lines, Inc.

NOEL, District Judge.

This case is before the Court on the motion of respondent and cross-libelant Upper Mississippi Towing Corporation to transfer the cause under 28 U.S.C.A. § 1404(a) to the Eastern District of Louisiana, New Orleans Division. The suit was originally filed by Sioux City and New Orleans Barge Lines, Inc. (hereinafter called Sioux City) as a libel in personam against Upper Mississippi Towing Corporation (hereinafter called Upper Mississippi) for damages arising out of a collision between (a) the Tug Frances Anne (owned and operated by Upper Mississippi) and its tow, and (b) the Tug St. Joseph (owned and operated by Sioux City) and its tow, on the Mississippi River near Baton Rouge, Louisiana. Jurisdiction was acquired over Upper Mississippi by a writ of foreign attachment levied on two barges belonging to it while the barges were in Galveston Harbor. Upper Mississippi filed a cross-libel in personam against Sioux City and in rem against the Tug St. Joseph. Subsequently, Rose Barge Lines, Inc. filed in this Court its separate libel in personam against Sioux City and in rem against the Tug St. Joseph seeking damages arising out of the same collision; this second libel was consolidated with the first.

Section 1404(a) provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although the statute speaks in terms of "any civil action," it applies also to suits in admiralty. Continental Grain Co. v. Federal Barge Lines, Inc., 268 F.2d 240 (5th Cir., 1959). Under the statute, transfer is permissible only to another district or division where the suit "might have been brought"; therefore, the first determination to be made by this Court is whether this cause "might have been brought" in the Eastern District of Louisiana, New Orleans Division.

All of the parties to this suit are corporations incorporated in states other

than Louisiana; none of the corporations has qualified to do business nor designated an agent for service of process in Louisiana. Louisiana, however, has a nonresident watercraft statute, LSA–R.S. 13:3479–13:3482, which would have enabled the United States District Court for the Eastern District of Louisiana to have acquired in personam jurisdiction over the parties. The Louisiana Watercraft Statute is very similar to nonresident motorist statutes, the constitutionality of which have been upheld in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). The Louisiana Watercraft Statute itself has been held constitutional in Tardiff v. Bank Line, Ltd., 127 F.Supp. 945 (E.D.La.1954); Goltzman v. Rougeot, 122 F.Supp. 700 (W.D.La.1954).

■ Sioux City asserts that regardless of proper jurisdiction, the Eastern District of Louisiana would not be a district where the suit "might have been brought" within Section 1404(a), for it would be an improper venue. Transfers are prohibited to a district or division which originally would not have been a proper venue. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Sioux City relies upon Nilsson v. Cleveland Tankers, Inc., 158 F.Supp. 350 (N.D.Ill.1957) for the application to the instant situation of the prohibition against transferring to an improper venue. The Nilsson case involved a libel in admiralty against a nonresident defendant corporation upon which service was made pursuant to the Illinois Non-Resident Watercraft Act, which is similar to the Louisiana Watercraft Act. Relying on the reasoning in Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 78 L.Ed. 39 (1953), the Court dismissed the case for improper venue. Olberding, a civil action diversity case governed by the statutory venue requirements of 28 U.S.C.A. § 1391(a), held that although a defendant may waive his venue rights, as by a nonresident corporation appointing an agent for process as in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed.

167 (1939), he does not waive such rights by driving an automobile on a highway of a state with a nonresident motorist statute and proper venue is not obtained merely by a nonresident plaintiff serving process on a nonresident defendant through such a statute.

■■ The fallacy of the reasoning in the Nilsson case is the assumption that an admiralty case is governed by the venue requirements of 28 U.S.C.A. § 1391(b) or (c). Such is not so, for venue in an in personam admiralty suit may lie in any district in which proper service can be made upon a respondent. In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991 (1889). Since proper service was made upon the respondent in the Nilsson case in the Northern District of Illinois by use of the Illinois Non-Resident Watercraft Act, that District had venue of the suit and the Olberding rule was inapplicable. In the instant case, proper service could have been made upon Upper Mississippi Towing Corporation in the Eastern District of Louisiana, New Orleans Division, by use of the Louisiana Watercraft Statute; therefore, that District and Division would be a proper venue and the Olberding rule would be inapplicable.

■ Having first determined that the Eastern District of Louisiana, New Orleans Division, is a District and Division wherein this suit "might have been brought," it is necessary in determining respondent's motion to transfer under § 1404(a) to ascertain the convenience of the parties and witnesses and the interest of justice in reference to the two forums. Libelant is entitled to the privilege of choosing his forum, and this factor is to be weighed against the factors which indicate that some other forum is more convenient. The mere desire of the respondent for some other forum is not sufficient to warrant a transfer, nor is the fact that the cause of action arose in the district to which the transfer is sought.

■ In the instant case, however, there are sufficient factors to command

740

a transfer. The collision which is the basis for this suit occurred in Louisiana. It was investigated in Louisiana; therefore, the various surveyors who examined the vessels are located there. Although all of the crew members of the respective vessels involved in the collision are not permanently stationed within the Eastern District of Louisiana, at least one does reside there; whereas, none resides in the Southern District of Texas. One of the vessels does operate regularly in the Eastern District of Louisiana but is infrequently, if ever, present in the Southern District of Texas. It therefore appears that the Eastern District of Louisiana would be a more convenient forum for the witnesses and parties than would the Southern District of Texas.

However, the determinative factor in ordering the transfer of this cause to the Eastern District of Louisiana is that the interests of justice demand it. The only known witnesses to the collision who were not members of the crew of one of the vessels involved are persons who were at the time of the collision members of the crew of a third vessel, the Tug John E. Coon. These witnesses were not and apparently are not in the employ of any of the parties to this action. It appears they now reside in the Baton Rouge, Louisiana area and, consequently, are outside the subpoena power of this Court. They would be within the subpoena power of the District Court for the Eastern District of Louisiana. It would appear that these witnesses would be independent and unbiased and, therefore, probably present the most credible testimony as to the cause of the collision. Accordingly, I find that it would be in the interest of justice to have them subject to the subpoena power of the trial court and therefore available to testify in person, if desired by any party hereto.

I therefore order that this cause be and the same hereby is transferred to the United States District Court for the Eastern District of Louisiana, New Orleans Division.