**Eugene F. TOOMER, Libelant,**

**v.**

**SOUTHWEST CASUALTY INSURANCE COMPANY, Respondent.**

**No. 63–G–63.**

United States District Court
S. D. Texas, Galveston Division.

July 8, 1964.

Schirmeyer & Kratochvil, L. G. Kratochvil, Houston, Tex., for libelant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Joseph Newton, Houston, Tex., for respondent.

NOEL, District Judge.

The Court, having on May 21, 1964, ordered the respondent to deposit a bond with the Clerk of the Court pursuant to Article 21.38 § 7 of the Insurance Code of Texas, V.A.T.S., now states its reasons for that order.

Article 21.38 § 7 reads in pertinent parts as follows:

"As to any policy * * * issued by an unauthorized insurer * * * and as to any claim arising thereon * * *, before any unauthorized foreign or alien insurer shall file * * * any pleading in any action * * * instituted against it, such unauthorized insurer shall either (1) deposit with the clerk of the court * * * cash * * * or * * * bond * * * in an amount * * * sufficient to secure the payment of any final judgment which may be rendered in such action; or (2) procure a certificate of authority to transact the business of insurance in this State."

It is undisputed that respondent is not licensed or authorized to do business in Texas and that it did issue an insurance policy covering one of libelant's vessels, thereby insuring a Texas risk. Nonetheless, respondent asserts Article 21.38 § 7 is inapplicable to it.

Libelant's action in contesting, without first invoking Article 21.38 § 7, respondent's exception seeking to dismiss the libel did not constitute a waiver of that statute since it was properly in-

voked five days after respondent filed its original answer.

■ Respondent, however, contends that Article 21.38 § 7 is a procedural statute and is inapplicable to a suit in federal court. In determining whether state legislation is applicable in admiralty suits such as here, as distinguished from diversity suits, the courts do not speak in terms of substance and procedure, but hold that state legislation may be applied if it "does not contravene any acts of Congress, nor work any prejudice to the characteristic features of the maritime law, nor interfere with its proper harmony and uniformity in its international and interstate relations." [1]

As the Supreme Court expressed in Kossick v. United Fruit Co., 365 U.S. 731, at 739, 81 S.Ct. 886, at 892, 6 L. Ed.2d 56 (1961), there is no rigid rule that

" * * * wherever a maritime interest is involved, no matter how slight or marginal, it must displace a local interest, no matter how pressing and significant. But the process is surely rather one of accommodation, entirely familiar in many areas of overlapping state and federal concern, or a process somewhat analogous to the normal conflict of laws situation where two sovereignties assert divergent interests in a transaction as to which both have some concern."

Article 21.38 § 7 was passed in the exercise of police power to protect Texas citizens from unauthorized insurers who sell insurance in Texas without compliance with the proper regulations. It therefore embodies an important state interest. Moreover, it does not contravene any act of Congress. To the contrary, the McCarran Act, 15 U.S.C.A. § 1011, indicates that Congress feels state regulation of insurance should occur.[2]

The Supreme Court in Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, at 321, 75 S.Ct. 368, at 374, 99 L. Ed. 337 (1955), established the accommodation to be made in this area, by stating "We, like Congress, leave the regulation of marine insurance where it has been—with the States." Hence, Article 21.38 § 7 does not prejudice any characteristic feature of the maritime law or interfere with the uniformity of its application.

■ Therefore, Article 21.38 § 7 is applicable to admiralty suits. This would follow even if respondent is correct in its contention that only state substantive laws can be applied in such proceedings, for an examination of cases allowing the use in admiralty of state abatement [3] and service of process statutes [4] convinces me that the statute here should properly be characterized as substantive.

Consequently, I ordered the respondent to comply with Article 21.38 § 7 and deposit a bond unless it procured a certificate of authority to transact business in Texas.

The Clerk will file this Memorandum Opinion and send a copy to each counsel.

1. Just v. Chambers, 312 U.S. 383, 384, 61 S.Ct. 687, 692, 85 L.Ed. 903 (1941); Romero v. International Terminal Operating Co., 358 U.S. 354, 374, 79 S.Ct. 468, 3 L.Ed.2d 368, note 42 (1959).

2. The Act contains a broad declaration of congressional policy that the continued regulation of insurance by the States is in the public interest, and that silence on the part of Congress should not be construed to impose any barrier to continued regulation of insurance by the States.

3. Yates v. Villain and Fassio E., 215 F. Supp. 573 (D.Md.1963).

4. Coyle v. Pope & Talbot, Inc., 207 F. Supp. 685 (E.D.Pa.1962); Paige v. Shinnihon Kishen, 206 F.Supp. 871 (E.D.La. 1962); Frase v. Columbia Transp. Co., 158 F.Supp. 858 (N.D.Ill.1957); Franklin v. Tomlinson Fleet Corp., 158 F.Supp. 850 (N.D.Ill.1957); Tardiff v. Bank Line, Ltd., 127 F.Supp. 945 (E.D.La.1954); Goltzman v. Rougeot, 12 F.Supp. 700 (W.D.La.1954).