**S.S. PHILIPPINE JOSE ABAD SANTOS and National Development Co., Appellants,**

v.

**Jessie P. BANNISTER, Appellee.**

**No. 21211.**

United States Court of Appeals
Fifth Circuit.

July 16, 1964.

Leon Sarpy, Paul A. Nalty and J. Dwight LeBlanc, Jr., New Orleans, La., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., of counsel, for appellants.

Shelly M. Barto, John R. Martzell, New Orleans, La., Ungar & Dulitz, New Orleans, La., of counsel, for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

RIVES, Circuit Judge:

A longshoreman brought this libel in the District Court for the Eastern District of Louisiana against a vessel, the SS PHILIPPINE JOSE ABAD SANTOS, and its owner, the National Development Company, for injuries received while unloading the vessel in New Orleans. Since the owner is not quali-

fied to do business in Louisiana and is without an assigned agent for service of process there, service was made on the Louisiana Secretary of State pursuant to the Louisiana Watercraft Statute, LSA-R.S. 13:3479-80. The respondents moved to quash service, asserting that the Watercraft Statute is unconstitutional. The motion was denied, and this appeal was certified and granted in accordance with 28 U.S.C. § 1292(a) (3), (b).

The respondents contend that the issues presented by this case are whether the Watercraft Statute is unconstitutional as being in conflict with the commerce clause and federal admiralty jurisdiction, and whether, if constitutional, the stat-

ute's use is precluded by the Supreme Court Admiralty Rules.

The Louisiana Watercraft Statute provides for substituted service on the Louisiana Secretary of State in actions against non-resident vessel owners if the suit grows out of any accident or collision while the owner is operating the vessel in Louisiana.[1] It is patterned after the Louisiana non-resident motorist statute, LSA-R.S. 13:3474-75. The Louisiana Watercraft Statute has been held to be valid in three previous district court opinions.[2] Similar non-resident vessel-owner statutes of other states have been uniformly upheld and applied.[3] Although the respondents in this case do not attack the statute on due process

---

1. The Louisiana Watercraft Statute, La. Rev.Stat. 13:3479-80, reads as follows:

"§ 3479. The operation, navigation or maintenance by a non-resident or non-residents of a boat, ship, barge or other water craft in the state, either in person or through others, and the acceptance thereby by such non-resident or non-residents of the protection of the laws of the state for such water craft, or the operation, navigation or maintenance by a non-resident or non-residents of a boat, ship, barge or other water craft in the state, either in person or through others, other than under the laws of the state, shall be deemed equivalent to an appointment by each such non-resident of the Secretary of State, or his successor in office or some other person in his office during his absence he may designate, to be the true and lawful attorney of each such non-resident for service of process, upon whom may be served all lawful process in any suit, action or proceeding against such non-resident or non-residents growing out of any accident or collision in which such non-resident or non-residents may be involved while, either in person or through others, operating, navigating or maintaining a boat, ship, barge or other water craft in the state; and such acceptance or such operating, navigating or maintaining in the state of such water craft shall be a signification of each such non-resident's agreement that any such process against him which is so served shall be of the same legal force and effect as if served on him personally."

"3480. Service of citation in any case provided in R.S. 13.3479 shall be made by serving a copy of the petition and citation on the Secretary of State, or his suc-

cessor in office, and such service shall be sufficient service upon any such non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or actually delivered to the defendant, and the defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be rendered against any such non-resident. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

2. Paige v. Shinnihon Kishen, E.D.La.1962, 206 F.Supp. 871, Tardiff v. Bank Line, Ltd., E.D.La.1954, 127 F.Supp. 945; Goltzman v. Rougeot, W.D.La.1954, 122 F.Supp. 700; cf. Sioux City & New Orleans Barge Lines, Inc. v. Upper Miss Towing Corp., S.D.Tex.1963, 221 F.Supp. 737, 739. See generally, Kierr, "Use of State Statutes to Effect Service on a Non-Resident Vessel Owner," 8 La.Bar J. 113 (1960).

3. See Valkenburg, K.-G. v. The S.S. Henry Denny, 7 Cir. 1961, 295 F.2d 330 (Ill. Rev.Stat. c. 110, § 263b); Franklin v. Tomlinson Fleet Corp., N.D.Ill.1957, 158 F.Supp. 850 (same); Frase v. Columbia Transp. Co., N.D.Ill.1957, 158 F.Supp. 858 (same); Coyle v. Pope & Talbot, Inc., E.D.Pa.1962, 207 F.Supp. 685 (12 P.S.Pa. §§ 336, 337); Edmundson v. Hamilton, Fla.1962, 148 So.2d 262, 264-265 (Fla.Stat.Ann. § 47.162).

grounds, such attacks have been rejected in the past on the theory that there is no substantial difference between a non-resident vessel-owner statute and a non-resident motorist statute.[4]

■ Admiralty suits in federal courts, being of a nondiversity nature, are governed by federal substantive and procedural law. Federal law, however, often adopts state law either by express or implied reference or by virtue of the interstitial nature of federal law.[5] So the initial question to be decided is whether it was proper for the district court to apply the state substituted service statute in the instant case.

■ The Rules of Practice in Admiralty and Maritime Cases were promulgated by the Supreme Court in 1920. The present Admiralty Rule 1, which is substantially the same as the Rule 1 adopted in 1844, provides:

"Rule 1. Process on filing libel

"No mesne process shall issue from the District Court in any civil cause of admiralty and maritime jurisdiction until the libel, or libel of information, shall have been filed in the clerk's office from which such process is to issue. All process shall be served by the marshal or by his deputy, or, where he or they are interested, by some discreet and disinterested person appointed by the court."

Admiralty Rule 2 states:

"Rule 2. Suits in personam—process in—arrest in same

"In suits in personam the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district. But no warrant of arrest of the person of the respondent shall issue unless by special order of the court, on proof of the propriety thereof by affidavit or otherwise." [6]

No other admiralty rules deal with service of process. It is significant to this case that although Rule 1 states that the marshal shall *serve* process, neither Rule 1 nor Rule 2 designates who is an authorized agent to *receive* process. Prior to the promulgation of the Federal Rules of Civil Procedure, the Supreme Court in In re Louisville Underwriters, 1890, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991, was faced with whether service could properly be made on an agent appointed by a corporation so as to meet state requirements for doing business there. The Supreme Court noted:

"In the present case, the libellee had, in compliance with the law of Louisiana, appointed an agent at New Orleans, on whom legal process might be served, and the monition was there served upon him. This would have been a good service in an action at law in any court of the state or of the United States in Louisiana. * * * And no reason has been, or can be suggested why it should not be held equally good in admiralty." [7]

---

4. See authorities cited in notes 2 and 3, supra. Compare Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

5. See generally, Hart & Wechsler, The Federal Courts and the Federal System 435–36 (1953); Hill, "State Procedural Law in Federal Nondiversity Litigation," 69 Harv.L.Rev. 66 (1955); Mishkin, "The Variousness of 'Federal Law'," 105 U.Pa.

L.Rev. 797 (1957); Note, 69 Yale L.J. 1428 (1960); Fahs v. Martin, 5 Cir. 1955, 224 F.2d 387, 392.

6. The present Rule 2 is the same as the Rule 2 adopted in 1844, except that the text of the first sentence has been rearranged and the Rule 7 of 1844 was made the second sentence of the present rule.

7. 134 U.S. at 493, 10 S.Ct. at 589.

As the court in Doe v. Springfield Boiler & Mfg. Co., 9 Cir. 1900, 104 F. 684, 686, summarized, "Service of monition in admiralty may be made under the provisions of a state statute regulating the mode of service in actions at law and in equity."

■ Since the adoption of the Federal Rules of Civil Procedure, however, the tendency has been to use the Civil Rules "to fill the gaps in, or to improve upon, the admiralty practice": [8]

"There is a general trend to apply the liberal rules of the F.R.C.P. where there is no specific rule in the Admiralty Rules and the rule of the F.R.C.P. sought to be applied is not inconsistent with any provision of the Admiralty Rules or any justifiable construction thereof." [9]

This has been particularly true with respect to service of process and Rule 4 of the Federal Rules of Civil Procedure.[10] Since the Admiralty Rules are silent as to who is an authorized agent to receive process [11] and since Civil Rule 4(d) (7) specifically adopts state law, the Seventh Circuit was correct in applying a state non-resident vessel-owner statute:

"At the outset, we reject the argument of those respondents that valid process can never be served under the Illinois Act in admiralty cases because the Act provides a method of service of process which conflicts with the provision of Admiralty Rule 1, 28 U.S.C., that all process 'shall be served by' a United States marshal, or deputy marshal. The Illinois Act provides that the operation of watercraft in waters of that State by a non-resident constitutes a designation by such non-resident of the Secretary of State of Illinois as his agent upon whom process may be served.

"In a proper case, and upon a proper finding of an implied designation of the Secretary of State as the agent of an non-resident for receipt of process, there is sufficient compliance with Admiralty Rule 1 when the marshal serves process upon that State official. Here, process for both Irish and Pinkster was served by the marshal upon the Secretary of State, and a copy of the libel was then mailed to each of those respondents as the Illinois statute required. We think the rule is no bar to that procedure if the libel is a proper case for substituted service under the provisions of the Act." [12]

The Louisiana Watercraft Statute applies as adopted *federal* law. Thus, the district court's use of the statute was in no way contrary to federal admiralty jurisdiction or the commerce clause.

The district court's denial of the motion to quash service is

Affirmed.

8. Letter of Transmittal of Proposed Amendments to Rules of Civil Procedure by the Advisory Committee on Admiralty Rules, printed in Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts p. 2 (1964).

9. Monsieur Henri Wines, Ltd. v. S.S. Covadonga, D.N.J.1963, 222 F.Supp. 139, 140; accord D/S A/S Flint v. Sabre Shipping Corp., E.D.N.Y.1964, 228 F. Supp. 384, 389.

10. See, e.g., Scawind Compania, S.A. v. Crescent Line, Inc., 2 Cir. 1963, 320 F.2d 580; cases cited note 9, *supra*.

11. Thus there is no conflict between the Admiralty Rules and the Watercraft Statute, so that 28 U.S.C. § 2073, which states that, "All laws in conflict with such [admiralty] rules shall be of no further force or effect after such rules have taken effect," is of no relevance.

12. Valkenburg, K.-G. v. The S.S. Henry Denny, 7 Cir. 1961, 295 F.2d 330, 333; accord Paige v. Shinnihon Kishen, E.D. La.1962, 206 F.Supp. 871.