Thomas BAGGETT, Plaintiff-Appellant,

v.

Charlie B. RICHARDSON and James Martin et al, Defendants-Appellees.

No. 72–2793

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence K. Burleigh, Morgan City, La., for plaintiff-appellant.

Robert J. Zibilich, New Orleans, La., for Richardson.

Steven R. Plotkin, New Orleans, La., for Martin.

Wilfred H. Boudreaux, New Orleans, La., for Inland Boatmen.

Victor H. Hess, Jr., New Orleans, La., for Marine Eng.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge.

In this maritime tort case, plaintiff Baggett appeals from the judgment, 342 F.Supp. 1029, which awarded him $5,000 damages against the individual defendants, Richardson and Martin, but dismissed his suit as to the defendant unions, Marine Engineers Beneficial Association (M.E.B.A.) and Seafarers International Union (S.I.U.). Baggett alleges that the Trial Court erred in the following particulars: in dismissing his claim against the defendant unions; in requiring a greater degree of proof than is necessary in a civil case; in not awarding punitive damages; and in not awarding adequate actual damages. We affirm.

Baggett sued Richardson and Martin for damages for personal injuries he sustained as a result of a beating they inflicted upon him with a piece of pipe. The assault occurred aboard the tug TERESA F. while it was moored in the Intracoastal Canal in New Orleans. At that time Baggett was captain of the TERESA F., which was owned by Red Circle Towing Company. Richardson was a representative and employee of M.E.B.A.; Martin, a representative and employee of S.I.U. Richardson and Martin had been actively engaged in labor negotiations with Red Circle Company employees and had considered Baggett "anti-union." Martin may have had a grievance against Baggett. Richardson and Martin boarded the TERESA F., and Martin entered Baggett's room. Baggett ordered him off the tug. Richardson entered the room, and a fight ensued between Baggett and the defendants. Martin was struck with a piece of pipe, presumably by Baggett. Martin and Richardson delivered a vicious and prolonged beating to Baggett, leaving him unconscious and suffering from multiple bruises of the face, neck, and body, and a fracture of the right ulna.

This is a maritime tort because the fight occurred aboard the TERESA F. However, in all other respects, it is a Louisiana tort claim, and was so considered by the parties. The court below applied Louisiana tort law in deciding the case, in accordance with the principle stated in Alcoa Steamship Company v. Charles Ferran & Company, 5 Cir., 1967, 383 F.2d 46, 50, cert. denied, 393 U.S. 836, 89 S.Ct. 111, 21 L. Ed.2d 107 that " . . . even though admiralty suits are governed by federal substantive and procedural law, courts applying maritime law may adopt state law by express or implied reference or by virtue of the interstitial nature of federal law." [1] This situation is an appropriate one, under *Alcoa*, for applying state law.

The first issue Baggett raises on appeal is that the unions, M.E.B.A. and S.I.U., should have been held liable under the doctrine of respondeat superior for the tort committed by Richardson and Martin. Baggett alleges that the individual defendants were acting in the course and scope of their employment when they boarded the tug and wrongfully injured him. Although there is some evidence to support this contention, we agree with the District Judge that " . . . plaintiff's evidence on the point amounted to no more than a suggestion which might lead to a suspicion (however compelling) that Richard-

1. *See also* Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); S.S. Philippine Jose Abad Santos v. Bannister, 5 Cir., 1964, 335 F. 2d 595.

son and Martin were acting on behalf of their respective unions; there was no satisfactory proof that the individual defendants were in the course and scope of their union jobs." The District Court found that plaintiff failed to meet his burden of proof in this regard.

Rule 52(a) of the Federal Rules of Civil Procedure instructs us that, on appeal of a case tried without a jury, "[f]indings of fact shall not be set aside unless clearly erroneous. . . ." As stated in Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776: "It is well settled that in order for a reviewing court to set aside findings of fact by a trial court sitting without a jury, it must be clearly demonstrated that such findings are without adequate evidentiary support in the record, or were induced by an erroneous view of the law, and the burden of showing that the findings are clearly erroneous is on the one attacking them. The findings of a district court are not, therefore, lightly to be set aside, for the Court of Appeals is not a trier of facts, and does not substitute its own judgment for that of the trial court." [Footnotes omitted.] [2] We do not find that the lower court erred in holding that Baggett failed to provide sufficient proof to connect Richardson and Martin's tortious actions with their union employment. The District Court correctly dismissed Baggett's claim against the unions. Since the record indicates that Baggett failed to meet the burden of proof required in a civil case, we need not consider his totally unsupported contention that he was held to a higher degree of proof than required in a civil case.

Baggett next contends' that the District Court erred in not awarding punitive damages. We have already found that it was proper for the lower court to apply Louisiana tort law to the decision of this case. It is well established that Louisiana does not allow punitive damages. *See* Vincent v. Morgan's La. & T. R. & S. S. Co., 140 La. 1027, 74 So. 541 (1917); Serio v. American Brewing Co., 141 La. 290, 74 So. 998 (1917). This contention is therefore without merit.

The final issue to be considered is whether adequate actual damages were awarded. Again, our review is limited to the question of whether the determination of the District Judge was clearly erroneous. The court below applied the aggressor doctrine,[3] a concept of Louisiana tort law, and found that if Martin's entering Baggett's quarters made Martin the original aggressor, Baggett used excessive force in overcoming that aggression when he struck Martin with the pipe.[4] The court further found that Martin and Richardson used grossly excessive force in overcoming Baggett's aggression. Their use of excessive force renders them liable for damages. Louisiana Civil Code article 2324 states that "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, *in solido*, with that person, for the damage caused by such act." *See also* Mut v. Roy, La.App., 185 So.2d 639 (1966); Ford v. Williams, La.App., 62 So.2d 838 (1953), for discussion of the aggressor doctrine, excessive force, joint tortfeasors, and solidary liability.

Finding Richardson and Martin joint tortfeasors, the District Court held

---

2. *See also* McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

3. "The jurisprudence of this State is well settled that one who is himself in fault can not recover damages for a wrong resulting from such fault, although the party inflicting the injury was not justifiable under the laws." Vernon v. Bankston, 28 La.Ann. 710, 711 (1876).

4. "It is equally well settled that even where there is an aggressive act, justifying a battery, the person retaliating may use only so much force as is necessary to repel the aggression; and that if he goes beyond this, . . . using force in excess of what would have been reasonably necessary, he is liable for damages for injury caused by the employment of such unnecessary force." Tripoli v. Gurry, 253 La. 473, 477–478, 218 So.2d 563, 564 (1969).

them liable, *in solido*, for $3,000, later amended and increased to $5,000. This award was for physical and mental pain and suffering, and for temporary disability. Baggett's injuries include some permanent damage to his elbow as a result of the fracture he sustained. However, this disability does not prevent his working as a tugboat captain, an employment which he continues to hold. Baggett also received head injuries and was treated for post-concussion brain syndrome. All of Baggett's expenses, including medical and hospital expenses and lost wages, were paid by his employer, Red Circle Company. We do not find the amount of damages, as determined by the Trial Court, inadequate.

Affirmed.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.