**GEORGE W. BENNETT BRYSON & COMPANY, LTD., Plaintiff-Appellee,**

v.

**NORTON LILLY & CO., INC., Defendant-Appellant.**

No. 74–1357

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1974.

Rehearing and Rehearing En Banc Denied Oct. 23, 1974.

See 502 F.2d 1045.

Richard F. Ralph, Donald F. Geffner, Miami, Fla., Cicero C. Sessions, Robert E. Barkley, Jr., New Orleans, La., for defendant-appellant.

Douglas Batchelor, Samuel A. Broadnax, Jr., Rex B. Guthrie, Kermit G. Kindred, Timothy J. Armstrong, Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This diversity suit was filed by George W. Bennett Bryson & Company, Ltd., against Norton Lilly & Company, Inc., seeking recovery for allegedly furnishing materials, supplies, equipment, and services on open account to Norton

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lilly. Norton Lilly denies that the goods and services were furnished for its account and contends that they were furnished for the account of Sea Way Lines, Inc., a company of which Norton Lilly had recently acquired all the capital stock.

On the day of the acquisition, Norton Lilly and Sea Way executed a "managing agency agreement" under which, the district court found, Norton Lilly was given unlimited authority over the entire operation of Sea Way for an initial period of five years. After a trial on the merits without a jury, the court below entered judgment for Bryson in the amount of $17,795.30.

Norton Lilly makes two arguments on appeal. First, it contends that it should not be held liable for the debts of Sea Way because an agent for a disclosed principal is not personally liable. With respect to this issue, however, the district court concluded that Norton Lilly "was not acting as a managing agent for a disclosed principal", and the court had before it more than enough evidence from which it could so conclude. Second, Norton Lilly argues that the record does not contain any evidence to justify disregarding the corporate entities. The district court found that, following the acquisition of Sea Way, Norton Lilly was acting as the de facto charterer and operator of certain motor vessels owned by Sea Way for which the goods and services had been supplied and became obligated for these supplies and services. A careful review of the record reveals that this conclusion is amply supported by the evidence.

The district court's findings of fact are not clearly erroneous, Fed.R.Civ.P. 52(a); nor were they induced by an erroneous view of the law. *See* Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776; Baggett v. Richardson, 5 Cir., 1973, 473 F.2d 863, 865.

Affirmed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.